Case 1:14-cv-00263-RDM   Document 121   Filed 03/29/19   Page 1 of 152

APPEAL,CONSOL,TYPE−C

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:14−cv−00263−RDM</u>

SHANDS JACKSONVILLE MEDICAL CENTER, INC. et al v. SEBELIUS

Assigned to: Judge Randolph D. Moss

Lead case: 1:18−cv−00832−RDM

Member case:
    1:14−cv−00263−RDM

Cases:  1:14−cv−00607−EGS
        1:14−cv−00503−EGS
        1:15−cv−00192−RDM
        1:15−cv−00747−RDM
        1:15−cv−01150−RDM
        1:15−cv−01601−RDM
        1:15−cv−01743−RDM
        1:15−cv−01793−RDM
        1:15−cv−01800−RDM
        1:15−cv−01470−RDM
        1:16−cv−00030−RDM
        1:16−cv−00032−RDM
        1:14−cv−00536−EGS
        1:15−cv−01244−RDM
        1:16−cv−00016−RDM
        1:18−cv−01115−RDM
        1:16−cv−00940−RDM
        1:16−cv−01042−RDM
        1:14−cv−00263−RDM
        1:16−cv−01543−RDM
        1:16−cv−01544−RDM
        1:16−cv−02301−RDM
        1:16−cv−02484−RDM
        1:17−cv−00039−RDM
        1:17−cv−00175−RDM
        1:17−cv−00455−RDM
        1:17−cv−00489−RDM

Cause: 42:1395 HHS: Adverse Reimbursement Review

Date Filed: 02/20/2014

Jury Demand: None

Nature of Suit: 151 Contract: Recovery Medicare

Jurisdiction: U.S. Government Defendant

**<u>Plaintiff</u>**

**SHANDS JACKSONVILLE MEDICAL CENTER, INC.**
*doing business as*

represented by **Robert L. Roth**
HOOPER LUNDY & BOOKMAN, PC
401 9th Street, NW

1

UF HEALTH JACKSONVILLE

Suite 550
Washington, DC 20004
(202) 580−7701
Fax: (202) 580−7719
Email: rroth@health−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephanie Ann Webster**
AKIN GUMP STRAUSS HAUER &
FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887−4049
Fax: (202) 887−4288
Email: swebster@akingump.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
AKIN GUMP STRAUSS HAUER &
FELD LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
(202) 887−4038
Fax: (202) 887−4288
Email: ckeough@akingump.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SHANDS TEACHING HOSPITAL
AND CLINICS, INC.**
*doing business as*
UF HEALTH SHANDS HOSPITAL

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DIGNITY HEALTH**
*14−cv−536*
*doing business as*
ARROYO GRANDE COMMUNITY
HOSPITAL
*doing business as*
CALIFORNIA HOSPITAL MEDICAL
CENTER
*doing business as*
CHANDLER REGIONAL MEDICAL
CENTER

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

2

Case 1:14-cv-00263-RDM   Document 121   Filed 03/29/19   Page 3 of 152

*doing business as*
DOMINICAN HOSPITAL
*doing business as*
FRENCH HOSPITAL MEDICAL
CENTER
*doing business as*
GLENDALE MEMORIAL HOSPITAL
AND HEALTH CENTER
*doing business as*
MARIAN REGIONAL MEDICAL
CENTER
*doing business as*
MERCY GENERAL HOSPITAL
*doing business as*
MERCY GILBERT MEDICAL CENTER
*doing business as*
MERCY HOSPITAL
*doing business as*
MERCY HOSPITAL OF FOLSOM
*doing business as*
MERCY MEDICAL CENTER MERCED
*doing business as*
MERCY MEDICAL CENTER
REDDING
*doing business as*
MERCY SAN JUAN MEDICAL
CENTER
*doing business as*
METHODIST HOSPITAL OF
SACRAMENTO
*doing business as*
NORTHRIDGE HOSPITAL MEDICAL
CENTER
*doing business as*
SEQUOIA HOSPITAL
*doing business as*
ST. BERNARDINE MEDICAL
CENTER
*doing business as*
ST. ELIZABETH COMMUNITY
HOSPITAL
*doing business as*
ST. JOHN'S PLEASANT VALLEY
HOSPITAL
*doing business as*
ST. JOHN'S REGIONAL MEDICAL
CENTER
*doing business as*
ST. JOSEPH'S HOSPITAL AND
MEDICAL CENTER
*doing business as*
ST. JOSEPH'S MEDICAL CENTER OF

STOCKTON
*doing business as*
ST. MARY MEDICAL CENTER
*doing business as*
ST. MARY'S MEDICAL CENTER
*doing business as*
ST. ROSE DOMINICAN HOSPITALS –
ROSE DE LIMA CAMPUS
*doing business as*
ST. ROSE DOMINICAN HOSPITALS –
SAN MARTIN CAMPUS
*doing business as*
ST. ROSE DOMINICAN HOSPITALS –
SIENA CAMPUS
*doing business as*
WOODLAND MEMORIAL HOSPITAL

**Plaintiff**

| | | |
|---|---|---|
| **ADIRONDACK HEALTH SERVICES, INC.** *14−cv−536 ; 15−cv−01150* *doing business as* GLENS FALLS HOSPITAL | represented by | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Christopher L. Keough** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **ALBANY MEMORIAL HOSPITAL** *14−cv−536* *TERMINATED: 05/23/2017* | represented by | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Christopher L. Keough** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC** *14−cv−536* | represented by | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Christopher L. Keough** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **ALEGENT CREIGHTON HEALTH** *14−cv−536* | represented by | **Robert L. Roth** (See above for address) |

4

*doing business as*
ALEGENT CREIGHTON HEALTH
MIDLANDS HOSPITAL
*doing business as*
ALEGENT CREIGHTON HEALTH
LAKESIDE HOSPITAL

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALEGENT HEALTH − BERGAN**
**MERCY HEALTH SYSTEM**
*14−cv−536*
*doing business as*
ALEGENT HEALTH BERGAN
MERCY MEDICAL CENTER
*doing business as*
MERCY HOSPITAL

represented by **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALEGENT HEALTH − IMMANUEL**
**MEDICAL CENTER**
*14−cv−536*

represented by **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALLINA HEALTH SYSTEM**
*14−cv−536*
*doing business as*
MERCY HOSPITAL
*doing business as*
ABBOTT NORTHWESTERN
HOSPITAL
*doing business as*
BUFFALO HOSPITAL
*doing business as*
CAMBRIDGE MEDICAL CENTER
*doing business as*
OWATONNA HOSPITAL
*doing business as*
REGINA MEDICAL CENTER
*doing business as*
ST. FRANCIS REGIONAL MEDICAL
CENTER
*doing business as*
UNITED HOSPITAL
*doing business as*
UNITY HOSPITAL

represented by **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALTA LOS ANGELES HOSPITALS, INC.**
*14−cv−536*
*doing business as*
LOS ANGELES COMMUNITY
HOSPITAL

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALTON MEMORIAL HOSPITAL**
*14−cv−536*

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ATLANTICARE REGIONAL
MEDICAL CENTER, INC.**
*14−cv−536*

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAKERSFIELD MEMORIAL
HOSPITAL**
*14−cv−536*

represented by   **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ATHENS REGIONAL MEDICAL
CENTER INC**
*14cv503*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
HOOPER LUNDY & BOOKMAN, PC
401 9th Street, NW

6

Suite 550
Washington, DC 20004
(202) 580−7712
Fax: (202) 580−7719
Email: kcarroll@health−law.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 626−5540
Fax: (202) 626−3737
Email: mpolston@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637−5491
Fax: (202) 637−5910
Email: cate.stetson@hoganlovells.com
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 626−9128
Fax: (202) 626−3737
Email: dhettich@kslaw.com
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave.
Washington, DC 20530
(202) 626−5440
Fax: (202) 626−3737
Email: Ethan.davis@usdoj.gov
*TERMINATED: 06/12/2017*

7

Marisa Maleck
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Suite 200
Washington, DC 20006
(202) 626−9117
Email: mmaleck@kslaw.com
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
HOOPER, LUNDY & BOOKMAN, PC
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL**
*14cv503*
*doing business as*
NORTH KANSAS CITY HOSPITAL

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY**
*14cv503*
*doing business as*
ERLANGER MEDICAL CENTER

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

8

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **COMMUNITY HOSPITAL OF BRAZOSPORT**<br>*14cv503*<br>*doing business as*<br>BRAZOSPORT REGIONAL HEALTH SYSTEM | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mark D. Polston**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Catherine Emily Stetson**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Daniel J. Hettich**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Ethan Price Davis**<br>(See above for address)<br>*TERMINATED: 06/12/2017* |

**Plaintiff**

| | | |
|---|---|---|
| **COPLEY MEMORIAL HOSPITAL**<br>*14cv503* | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Mark D. Polston**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Catherine Emily Stetson** |

9

(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Plaintiff**

**FAYETTE REGIONAL HEALTH SYSTEM**
*14cv503*
*doing business as*
UNIONTOWN HOSPITAL

represented by  **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLOYD HEALTHCARE MANAGEMENT, INC.**
*14cv503*

represented by  **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**

10

(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **GUNDERSEN LUTHERAN MEDICAL CENTER, INC.** *14cv503* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **GWINNETT HOSPITAL SYSTEM INC** *14cv503* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*

11

*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **LUBBOCK COUNTY HOSPITAL DISTRICT** *14cv503* *doing business as* UNIVERSITY MEDICAL CENTER | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **MARTIN HEALTH SYSTEM** *14cv503* *doing business as* MARTIN MEMORIAL MEDICAL CENTER | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

12

**Daniel J. Hettich**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **MERCY HOSPITAL, IOWA CITY, IOWA**<br>*14cv503* | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

represented by

13

**MIDLAND COUNTY HOSPITAL
DISTRICT**
*14cv503*
*doing business as*
MIDLAND MEMORIAL HOSPITAL

**Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORTHEAST GEORGIA MEDICAL
CENTER**
*14cv503*

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

14

**Plaintiff**

**OAKBEND MEDICAL CENTER**                    represented by    **Christopher L. Keough**
*14cv503*                                                                              (See above for address)
                                                                                       *LEAD ATTORNEY*
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Mark D. Polston**
                                                                                       (See above for address)
                                                                                       *LEAD ATTORNEY*
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Catherine Emily Stetson**
                                                                                       (See above for address)
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Daniel J. Hettich**
                                                                                       (See above for address)
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Ethan Price Davis**
                                                                                       (See above for address)
                                                                                       *TERMINATED: 06/12/2017*

                                                                                       **Marisa Maleck**
                                                                                       (See above for address)
                                                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**PARKVIEW MEDICAL CENTER,**                  represented by    **Christopher L. Keough**
**INC.**                                                                                (See above for address)
*14cv503*                                                                              *LEAD ATTORNEY*
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Mark D. Polston**
                                                                                       (See above for address)
                                                                                       *LEAD ATTORNEY*
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Catherine Emily Stetson**
                                                                                       (See above for address)
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Daniel J. Hettich**
                                                                                       (See above for address)
                                                                                       *ATTORNEY TO BE NOTICED*

                                                                                       **Ethan Price Davis**
                                                                                       (See above for address)
                                                                                       *TERMINATED: 06/12/2017*

                                                                                       **Marisa Maleck**

15

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**RECTOR AND VISITORS OF THE**
**UNIVERSITY OF VIRGINIA**
*14cv503*
*doing business as*
UNIVERSITY OF VIRGINIA
MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STATE UNIVERSITY OF IOWA**
*14cv503*
*doing business as*
UNIVERSITY OF IOWA HOSPITALS
AND CLINICS

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)

16

*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SWEDISHAMERICAN HOSPITAL**
*14cv503*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MEDICAL CENTER OF CENTRAL
GEORGIA, INC.**
*14cv503*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

17

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES** *14cv503* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **UNIVERSITY OF KANSAS HOSPITAL AUTHORITY** *14cv503* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

18

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WESTCHESTER COUNTY HEALTH CORPORATION**
*14cv503*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mark D. Polston**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel J. Hettich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ethan Price Davis**
(See above for address)
*TERMINATED: 06/12/2017*

**Marisa Maleck**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AMERICAN HOSPITAL ASSOCIATION**
*14cv607*

represented by   **Catherine Emily Stetson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dominic F. Perella**

19

HOGAN LOVELLS US LLP
555 13th Street, NW
Washington, DC 20004
(202) 637−6452
Fax: (202) 637−5910
Email: dominic.perella@hoganlovells.com

**Plaintiff**

**BANNER HEALTH**                        represented by   **Catherine Emily Stetson**
*14cv607*                                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Christopher L. Keough**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dominic F. Perella**
                                                          (See above for address)

**Plaintiff**

**MOUNT SINAI HOSPITAL**                 represented by   **Catherine Emily Stetson**
*14cv607*                                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Christopher L. Keough**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dominic F. Perella**
                                                          (See above for address)

**Plaintiff**

**EINSTEIN HEALTHCARE**                  represented by   **Catherine Emily Stetson**
**NETWORK**                                               (See above for address)
*14cv607*                                                 *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Christopher L. Keough**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Dominic F. Perella**
                                                          (See above for address)

**Plaintiff**

| | | |
|---|---|---|
| **WAKE FOREST BAPTIST**<br>**MEDICAL CENTER**<br>*14cv607* | represented by | **Catherine Emily Stetson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Dominic F. Perella**<br>(See above for address)<br>*TERMINATED: 06/19/2015* |

**Plaintiff**

| | | |
|---|---|---|
| **GREATER NEW YORK HOSPITAL**<br>**ASSOCIATION**<br>*14cv607* | represented by | **Catherine Emily Stetson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Dominic F. Perella**<br>(See above for address) |

**Plaintiff**

| | | |
|---|---|---|
| **HEALTHCARE ASSOCIATION OF**<br>**NEW YORK**<br>*14cv607* | represented by | **Catherine Emily Stetson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Dominic F. Perella**<br>(See above for address) |

**Plaintiff**

| | | |
|---|---|---|
| **NEW JERSEY HOSPITAL**<br>**ASSOCIATION**<br>*14cv607* | represented by | **Catherine Emily Stetson**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY* |

*ATTORNEY TO BE NOTICED*

**Dominic F. Perella**
(See above for address)

**Plaintiff**

**HOSPITAL AND HEALTHSYSTEM
ASSOCIATION OF PENNSYLVANIA**
*14cv607*

represented by

**Catherine Emily Stetson**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Dominic F. Perella**
(See above for address)

**Plaintiff**

**BAKERSFIELD HEART HOSPITAL**
*14cv976*

represented by

**Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
FOLEY & LARDNER LLP
3000 K Street, NW
Suite 600
Washington, DC 20007
(202) 945−6119
Email: dromano@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
FOLEY & LARDNER, LLP
3000 K Street, NW
Suite 600
Washington, DC 20007
(202) 295−4760
Fax: (202) 672−5399
Email: larubin@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
FOLEY & LARDNER, LLP
3000 K Street, NW
Suite 600
Washington, DC 20007

22

(202) 945−6128
Fax: (202) 672−5399
Email: bdryden@foley.com
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LOUISIANA MEDICAL CENTER AND HEART HOSPITAL**
*14cv976*

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIS−KNIGHTON MEDICAL CENTER**
*14cv976*

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)

23

*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WILLIS−KNIGHTON BOSSIER**
**HEALTH CENTER**
*14cv976*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PARMA COMMUNITY GENERAL**
**HOSPITAL**
*14cv976*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**

24

(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UH REGIONAL HOSPITALS**        represented by   **Christopher L. Keough**
*14cv976*                                        (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Donald H Romano**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Lori Allison Rubin**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Benjamin R. Dryden**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Catherine Emily Stetson**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIVERSITY HOSPITALS CASE**    represented by   **Christopher L. Keough**
**MEDICAL CENTER**                               (See above for address)
*14cv976*                                        *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Donald H Romano**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Lori Allison Rubin**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Benjamin R. Dryden**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

                                                 **Catherine Emily Stetson**
                                                 (See above for address)
                                                 *ATTORNEY TO BE NOTICED*

25

**Plaintiff**

**EMH ELYRIA MEDICAL CENTER**
*14cv976*

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIVERSITY HOSPITALS GEAUGA
MEDICAL CENTER**
*14cv976*

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIVERSITY HOSPITALS AHUJA
MEDICAL CENTER**

represented by **Christopher L. Keough**
(See above for address)

26

*14cv976*

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Catherine Emily Stetson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **ST. HELENA HOSPITAL**<br>*14cv1477*<br>*doing business as*<br>ST. HELENA HOSPITAL NAPA<br>VALLEY | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kelly A. Carroll**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert L. Roth**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John R. Hellow**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **WHITE MEMORIAL MEDICAL**<br>**CENTER**<br>*14cv1477*<br>*doing business as*<br>WHITE MEMORIAL MEDICAL<br>CENTER | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kelly A. Carroll**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

27

Robert L. Roth
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

John R. Hellow
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **HANFORD COMMUNITY HOSPITAL** *14cv1477* *doing business as* ADVENTIST MEDICAL CENTER − REEDLEY | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kelly A. Carroll** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John R. Hellow** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **REEDLEY COMMUNITY HOSPITAL** *14cv1477* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kelly A. Carroll** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John R. Hellow** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

28

| **CENTRAL VALLEY GENERAL HOSPITAL** *14cv1477* | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Kelly A. Carroll** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John R. Hellow** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **FEATHER RIVER HOSPITAL** *14cv1477* *doing business as* ADVENTIST HEALTH/FEATHER RIVER HOSPITAL | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Kelly A. Carroll** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John R. Hellow** (See above for address) *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| **SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES** *14cv1477* *doing business as* SIMI VALLEY HOSPITAL | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
|---|---|---|
| | | **Kelly A. Carroll** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** |

29

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GLENDALE ADVENTIST MEDICAL CENTER**
*14cv1477*
*doing business as*
ADVENTIST HEALTH/GLENDALE ADVENTIST MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**UKIAH ADVENTIST HOSPITAL**
*14cv1477*
*doing business as*
UKIAH VALLEY MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SONORA COMMUNITY HOSPITAL**
*14cv1477*

represented by **Christopher L. Keough**
(See above for address)

*doing business as*
SONORA REGIONAL MEDICAL
CENTER

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SAN JOAQUIN COMMUNITY HOSPITAL**
*14cv1477*
*doing business as*
ADVENTIST HEALTH/SAN JOAQUIN
COMMUNITY HOSPITAL

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CASTLE MEDICAL CENTER**
*14cv1477*

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **PORTLAND ADVENTIST MEDICAL CENTER**<br>*14cv1477*<br>*doing business as*<br>ADVENTIST MEDICAL CENTER –<br>PORTLAND | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kelly A. Carroll**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert L. Roth**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John R. Hellow**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **WALLA WALLA GENERAL HOSPITAL**<br>*14cv1477*<br>*doing business as*<br>ADVENTIST HEALTH/WALLA<br>GENERAL HOSPITAL | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Kelly A. Carroll**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Robert L. Roth**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**John R. Hellow**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **AHMC GARFIELD MEDICAL CENTER LP**<br>*14cv1477*<br>*doing business as* | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

32

GREATER EL MONTE COMMUNITY
HOSPITAL

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AHMC MONTEREY PARK**
**HOSPITAL LP**
*14cv1477*
*doing business as*
MONTEREY PARK HOSPITAL

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AHMC WHITTIER HOSPITAL**
**MEDICAL CENTER LP**
*14cv1477*
*doing business as*
WHITTIER HOSPITAL MEDICAL
CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

33

John R. Hellow
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AHMC SAN GABRIEL VALLEY**                  represented by   **Christopher L. Keough**
**MEDICAL CENTER LP**                                          (See above for address)
*14cv1477*                                                      *LEAD ATTORNEY*
*doing business as*                                              *ATTORNEY TO BE NOTICED*
SAN GABRIEL VALLEY MEDICAL
CENTER                                                          **Kelly A. Carroll**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Robert L. Roth**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **John R. Hellow**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**AHMC ANAHEIM REGIONAL**                    represented by   **Christopher L. Keough**
**MEDICAL CENTER LP**                                          (See above for address)
*14cv1477*                                                      *LEAD ATTORNEY*
*doing business as*                                              *ATTORNEY TO BE NOTICED*
AHMC ANAHEIM REGIONAL
MEDICAL CENTER LP                                              **Kelly A. Carroll**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Robert L. Roth**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **John R. Hellow**
                                                               (See above for address)
                                                               *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALHAMBRA HOSPITAL MEDICAL**                represented by   **Christopher L. Keough**
**CENTER LP**                                                  (See above for address)
*14cv1477*                                                      *LEAD ATTORNEY*
*doing business as*                                              *ATTORNEY TO BE NOTICED*
ALHAMBRA HOSPITAL MEDICAL
CENTER                                                         **Kelly A. Carroll**

34

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA HEALTH CARE NORTH, INC.**
*14cv1477*
*doing business as*
AURORA MEDICAL CENTER
MANITOWOC COUNTY

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA HEALTH CARE CENTRAL, INC.**
*14cv1477*
*doing business as*
AURORA SHEBOYGAN MEMORIAL
MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)

35

ATTORNEY TO BE NOTICED

**Plaintiff**

**AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC.**
*14cv1477*
*doing business as*
AURORA MEDICAL CENTER WASHINGTON COUNTY

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA HEALTH CARE SOUTHERN LAKES, INC.**
*14cv1477*
*doing business as*
AURORA MEMORIAL HOSPITAL OF BURLINGTON
*doing business as*
AURORA LAKELAND MEDICAL CENTER
*doing business as*
AURORA MEDICAL CENTER – KENOSHA
*doing business as*
AURORA MEDICAL CENTER SUMMIT

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA HEALTH CARE METRO, INC.**
*14cv1477*
*doing business as*
AURORA WEST ALLIS MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WEST ALLIS MEMORIAL**     represented by     **Christopher L. Keough**
**HOSPITAL, INC.**     (See above for address)
*14cv1477*     *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**WEST ALLIS MEMORIAL**     represented by     **Christopher L. Keough**
**HOSPITAL, INC.**     (See above for address)
*14cv1477*     *LEAD ATTORNEY*
*doing business as*     *ATTORNEY TO BE NOTICED*
AURORA WEST ALLIS MEDICAL
CENTER     **Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAYCARE AURORA, LLC**
*14cv1477*
*doing business as*
AURORA BAYCARE MEDICAL
CENTER

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA MEDICAL CENTER OF**
**OSHKOSH, INC.**
*14cv1477*
*doing business as*
AURORA MEDICAL CENTER
GRAFTON

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTRAL DUPAGE HOSPITAL**
**ASSOCIATION**
*14cv1477*
*doing business as*
CENTRAL DUPAGE HOSPITAL

represented by   **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DELNOR−COMMUNITY HOSPITAL**                represented by    **Christopher L. Keough**
*14cv1477*                                                     (See above for address)
*doing business as*                                           *LEAD ATTORNEY*
DELNOR HOSPITAL                                                *ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FORT PAYNE HOSPITAL**                      represented by    **Christopher L. Keough**
**CORPORATION**                                                (See above for address)
*14cv1477*                                                     *LEAD ATTORNEY*
*doing business as*                                           *ATTORNEY TO BE NOTICED*
DEKALB REGIONAL MEDICAL
CENTER                                                         **Donald H Romano**
                                                               (See above for address)
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

39

Robert L. Roth
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

John R. Hellow
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**CENTRE HOSPITAL**              represented by   **Christopher L. Keough**
**CORPORATION**                                  (See above for address)
*14cv1477*                                       *LEAD ATTORNEY*
*doing business as*                              *ATTORNEY TO BE NOTICED*
CHEROKEE MEDICAL CENTER

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**GADSDEN REGIONAL MEDICAL**    represented by   **Christopher L. Keough**
**CENTER, LLC**                                  (See above for address)
*14cv1477*                                       *LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**QHG OF ENTERPRISE, INC.**          represented by   **Christopher L. Keough**
*14cv1477*                                            (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Donald H Romano**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Kelly A. Carroll**
                                                      (See above for address)
                                                      *TERMINATED: 07/18/2017*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lori Allison Rubin**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Robert L. Roth**
                                                      (See above for address)
                                                      *TERMINATED: 07/18/2017*
                                                      *LEAD ATTORNEY*

41

*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**TRIAD OF ALABAMA, LLC**          represented by   **Christopher L. Keough**
*14cv1477*                                          (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Donald H Romano**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Kelly A. Carroll**
                                                    (See above for address)
                                                    *TERMINATED: 07/18/2017*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Lori Allison Rubin**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Robert L. Roth**
                                                    (See above for address)
                                                    *TERMINATED: 07/18/2017*
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **John R. Hellow**
                                                    (See above for address)
                                                    *TERMINATED: 07/18/2017*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**FOLEY HOSPITAL CORPORATION**     represented by   **Christopher L. Keough**
*14cv1477*                                          (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

                                                    **Donald H Romano**
                                                    (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

42

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**AFFINITY HOSPITAL, LLC**                    represented by    **Christopher L. Keough**
*14cv1477*                                                      (See above for address)
*doing business as*                                            *LEAD ATTORNEY*
TRINITY MEDICAL CENTER                                         *ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)

43

*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **CRESTWOOD HEALTHCARE, L.P.**<br>*14cv1477*<br>*doing business as*<br>CRESTWOOD MEDICAL CENTER | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **GREENVILLE HOSPITAL CORPORATION**<br>*14cv1477*<br>*doing business as*<br>L.V. STABLER MEMORIAL HOSPITAL | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*

44

*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **MAT−SU VALLEY MEDICAL CENTER, LLC**<br>*14cv1477*<br>*doing business as*<br>MAT−SU REGIONAL MEDICAL CENTER | represented by | **Christopher L. Keough**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **PAYSON HOSPITAL CORPORATION** *14cv1477* *doing business as* PAYSON REGIONAL MEDICAL CENTER | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Donald H Romano** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kelly A. Carroll** (See above for address) *TERMINATED: 07/18/2017* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Lori Allison Rubin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) *TERMINATED: 07/18/2017* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **John R. Hellow** (See above for address) *TERMINATED: 07/18/2017* *ATTORNEY TO BE NOTICED* |

**Plaintiff**

| | | |
|---|---|---|
| **NORTHWEST HOSPITAL, LLC** *14cv1477* *doing business as* NORTHWEST MEDICAL CENTER | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Donald H Romano** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kelly A. Carroll** (See above for address) *TERMINATED: 07/18/2017* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Lori Allison Rubin** (See above for address) *LEAD ATTORNEY* |

46

*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**BULLHEAD CITY HOSPITAL**            represented by   **Christopher L. Keough**
**CORPORATION**                                        (See above for address)
*14cv1477*                                             *LEAD ATTORNEY*
*doing business as*                                    *ATTORNEY TO BE NOTICED*
WESTERN ARIZONA REGIONAL
MEDICAL CENTER                                         **Donald H Romano**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Kelly A. Carroll**
                                                       (See above for address)
                                                       *TERMINATED: 07/18/2017*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Lori Allison Rubin**
                                                       (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Robert L. Roth**
                                                       (See above for address)
                                                       *TERMINATED: 07/18/2017*
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **John R. Hellow**
                                                       (See above for address)
                                                       *TERMINATED: 07/18/2017*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ORO VALLEY HOSPITAL, LLC**          represented by   **Christopher L. Keough**
*14cv1477*                                             (See above for address)
*doing business as*                                    *LEAD ATTORNEY*
ORO VALLEY HOSPITAL                                    *ATTORNEY TO BE NOTICED*

47

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC** *14cv1477* *doing business as* SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC | represented by | **Christopher L. Keough** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Donald H Romano** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kelly A. Carroll** (See above for address) *TERMINATED: 07/18/2017* *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Lori Allison Rubin** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Robert L. Roth** (See above for address) |

48

*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC**
*14cv1477*
*doing business as*
FORREST CITY MEDICAL CENTER

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NORTHWEST ARKANSAS HOSPITALS, LLC**
*14cv1477*
*doing business as*
NORTHWEST MEDICAL CENTER –
SPRINGDALE

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*

49

*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NATIONAL HEALTHCARE OF NEWPORT, INC.**
*14cv1477*
*doing business as*
HARRIS HOSPITAL

represented by **Christopher L. Keough**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Donald H Romano**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lori Allison Rubin**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

50

**John R. Hellow**
(See above for address)
*TERMINATED: 07/18/2017*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ALL PLAINTIFFS**

**Plaintiff**

**AHMC MONTEREY PARK**                    represented by   **Robert L. Roth**
**HOSPITAL LP**                                             (See above for address)
*17−39*                                                    *LEAD ATTORNEY*
*doing business as*                                        *ATTORNEY TO BE NOTICED*
MONTEREY PARK HOSPITAL

**Plaintiff**

**ANNISTON HMA, LLC**                     represented by   **Robert L. Roth**
*17−39*                                                    (See above for address)
*doing business as*                                        *TERMINATED: 07/18/2017*
STRINGFELLOW MEMORIAL                                      *LEAD ATTORNEY*
HOSPITAL                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**AURORA HEALTH CARE**                    represented by   **Robert L. Roth**
**CENTRAL, INC.**                                          (See above for address)
*17−39*                                                    *LEAD ATTORNEY*
*doing business as*                                        *ATTORNEY TO BE NOTICED*
AURORA SHEBOYGAN MEMORIAL
MEDICAL CENTER

**Plaintiff**

**AURORA MEDICAL CENTER**                 represented by   **Robert L. Roth**
**GRAFTON, LLC**                                           (See above for address)
*17−39*                                                    *LEAD ATTORNEY*
*doing business as*                                        *ATTORNEY TO BE NOTICED*
AURORA MEDICAL CENTER
GRAFTON

**Plaintiff**

**BAY AREA MEDICAL CENTER,**              represented by   **Robert L. Roth**
**INC.**                                                   (See above for address)
*17−39*                                                    *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Plaintiff**

**BAYFRONT HMA MEDICAL**                  represented by   **Robert L. Roth**
**CENTER, LLC**                                            (See above for address)
*17−39*                                                    *TERMINATED: 07/18/2017*
*doing business as*                                        *LEAD ATTORNEY*

BAYFRONT HEALTH ST. PETERSBURG

*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FORT SMITH HMA, LLC**
*17−39*
*doing business as*
SPARKS REGIONAL MEDICAL CENTER

represented by **Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LODI MEMORIAL HOSPITAL ASSOCIATION, INC.**
*17−39*
*doing business as*
LODI MEMORIAL HOSPITAL

represented by **Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**MCSA, LLC**
*17−39*
*doing business as*
MEDICAL CENTER OF SOUTH ARKANSAS

represented by **Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**PUNTA GORDA HMA, LLC.**
*17−39*
*doing business as*
BAYFRONT HEALTH PUNTA GORDA

represented by **Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**VAN BUREN HMA, LLC**
*17−39*
*doing business as*
SUMMIT MEDICAL CENTER

represented by **Robert L. Roth**
(See above for address)
*TERMINATED: 07/18/2017*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ANTELOPE VALLEY HOSPITAL**
*17−cv−00175*

represented by **Lori Allison Rubin**
FOLEY & LARDNER, LLP
3000 K Street, NW
Sixth Floor
Washington, DC 20007
(202) 295−4760
Fax: (202) 672−5399
Email: larubin@foley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ADVENTIST BOLINGBROOK
HOSPITAL**
*15cv192*

**Plaintiff**

**ADVENTIST GLENOAKS
HOSPITAL**
*15cv192*

**Plaintiff**

**ADVENTIST HEALTH SYSTEM
GEORGIA, INC.**
*15cv192*

**Plaintiff**

**ADVENTIST HEALTH
SYSTEM−SUNBELT, INC.**
*15cv192*

**Plaintiff**

**ADVENTIST HINSDALE HOSPITAL**
*15cv192*

**Plaintiff**

**CAMC TEAYS VALLEY HOSPITAL,
INC.**
*15cv192*

**Plaintiff**

**CARILION FRANKLIN MEMORIAL
HOSPITAL**
*15cv192*

**Plaintiff**

**CARILION MEDICAL CENTER**
*15cv192*

**Plaintiff**

**CARILION NEW RIVER VALLEY
MEDICAL CENTER**
*15cv192*

**Plaintiff**

**CARILION TAZEWELL
COMMUNITY HOSPITAL**
*15cv192*

54

**<u>Plaintiff</u>**

**CHARLESTON AREA MEDICAL CENTER, INC.**
*15cv192*

**<u>Plaintiff</u>**

**FLETCHER HOSPITAL, INC.**
*15cv192*

**<u>Plaintiff</u>**

**FLORIDA HOSPITAL WATERMAN, INC.**
*15cv192*

**<u>Plaintiff</u>**

**FLORIDA HOSPITAL ZEPHYRHILLS, INC.**
*15cv192*

**<u>Plaintiff</u>**

**HENRY FORD HEALTH SYSTEM**
*15cv192*

**<u>Plaintiff</u>**

**IHC HEALTH SERVICES, INC.**
*15cv192*

**<u>Plaintiff</u>**

**JELLICO COMMUNITY HOSPITAL**
*15cv192*

**<u>Plaintiff</u>**

**MEMORIAL HEALTH SYSTEMS, INC.**
*15cv192*

**<u>Plaintiff</u>**

**MEMORIAL HOSPITAL FLAGLER, INC.**
*15cv192*

**<u>Plaintiff</u>**

**MEMORIAL HOSPITAL, INC.**
*15cv192*

**<u>Plaintiff</u>**

**MEMORIAL HOSPITAL–WEST
VOLUSIA, INC.**
*15cv192*

**Plaintiff**

**METROPLEX ADVENTIST
HOSPITAL, INC.**
*15cv192*

**Plaintiff**

**PASCO–PINELLAS
HILLSBOROUGH COMMUNITY
HEALTH SYSTEM, INC.**
*15cv192*

**Plaintiff**

**PORTERCARE ADVENTIST
HEALTH SYSTEM d/b/a PORTER
ADVENTIST HOSPITAL**

**Plaintiff**

**SHAWNEE MISSION MEDICAL
CENTER, INC.**
*15cv192*

**Plaintiff**

**SOUTHWEST VOLUSIA
HEALTHCARE CORPORATION**
*15cv192*

**Plaintiff**

**TAKOMA REGIONAL HOSPITAL,
INC.**
*15cv192*

**Plaintiff**

**TARPON SPRINGS HOSPITAL
FOUNDATION, INC.**
*15cv192*

**Plaintiff**

**TEXAS HEALTH HUGULEY, INC.**
*15cv192*

**Plaintiff**

**UNIVERSITY COMMUNITY
HOSPITAL, INC.**
*15cv192*

**Plaintiff**

**LONG BEACH MEMORIAL**
**MEDICAL CENTER**
*15−cv−01601*
*doing business as*
LONG BEACH MEMORIAL MEDICAL
CENTER
*doing business as*
COMMUNITY HOSPITAL LONG
BEACH

represented by   **James F. Segroves**
Reed Smith LLP
1301 K Street, NW
Suite 1100 − East Tower
Washington, DC 20005−3373
(202) 414−9294
Fax: (202) 414−9299
Email: jsegroves@reedsmith.com
*TERMINATED: 01/31/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**ORANGE COAST MEMORIAL**
**MEDICAL CENTER**
*15−cv−01601*

represented by   **James F. Segroves**
(See above for address)
*TERMINATED: 01/31/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SADDLEBACK MEMORIAL**
**MEDICAL CENTER**
*15−cv−01601*

represented by   **James F. Segroves**
(See above for address)
*TERMINATED: 01/31/2018*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kelly A. Carroll**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Robert L. Roth**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**FLOWER MOUND HOSPITAL**           represented by    **Mark D. Polston**
**PARTNERS, LLC**                                      (See above for address)
*15−cv−01793*                                          *LEAD ATTORNEY*
*doing business as*                                    *ATTORNEY TO BE NOTICED*
TEXAS HEALTH PRESBYTERIAN
HOSPITAL FLOWER MOUND

**Plaintiff**

**PHYSICIANS MEDICAL CENTER,**      represented by    **Mark D. Polston**
**LLC**                                                (See above for address)
*15−cv−01793*                                          *LEAD ATTORNEY*
*doing business as*                                    *ATTORNEY TO BE NOTICED*
TEXAS HEALTH CENTER FOR
DIAGNOSTICS AND SURGERY

**Plaintiff**

**ROCKWALL REGIONAL CENTER,**       represented by    **Mark D. Polston**
**LLC**                                                (See above for address)
*15−cv−01793*                                          *LEAD ATTORNEY*
*doing business as*                                    *ATTORNEY TO BE NOTICED*
TEXAS HEALTH PRESBYTERIAN
HOSPITAL ROCKWALL

**Plaintiff**

**SOUTHLAKE SPECIALTY**             represented by    **Mark D. Polston**
**HOSPITAL, LLC**                                      (See above for address)
*15−cv−01793*                                          *LEAD ATTORNEY*
*doing business as*                                    *ATTORNEY TO BE NOTICED*
TEXAS HEALTH HARRIS
METHODIST HOSPITAL
SOUTHLAKE

**Plaintiff**

**AMERICAN LEGION HOSPITAL**        represented by    **Lori Allison Rubin**
*15−cv−01800*                                          (See above for address)
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LAFAYETTE GENERAL MEDICAL**       represented by    **Lori Allison Rubin**
**CENTER**                                             (See above for address)

*15-cv-01800*                                        *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LAFAYETTE GENERAL SURGICAL**          represented by   **Lori Allison Rubin**
**HOSPITAL**                                             (See above for address)
*15-cv-01800*                                            *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**SHANNON MEDICAL CENTER**              represented by   **Lori Allison Rubin**
*15-cv-01800*                                            (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**UNIVERSITY MEDICAL CENTER**           represented by   **Lori Allison Rubin**
**AT LAFAYETTE**                                         (See above for address)
*15-cv-01800*                                            *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASANTE ASHLAND COMMUNITY**            represented by   **Lori Allison Rubin**
**HOSPITAL**                                             (See above for address)
*16-cv-00032*                                            *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASANTE ROUGE VALLEY**                 represented by   **Lori Allison Rubin**
**MEDICAL CENTER**                                       (See above for address)
*16-cv-00032*                                            *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASANTE THREE RIVERS MEDICAL**         represented by   **Lori Allison Rubin**
**CENTER**                                               (See above for address)
*16-cv-00032*                                            *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**DENVER HEALTH**                       represented by   **Lori Allison Rubin**
*16-cv-00032*                                            (See above for address)
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*

**Plaintiff**

**INDIAN RIVER MEMORIAL**               represented by   **Lori Allison Rubin**
**HOSPITAL**                                             (See above for address)

*16−cv−00032*                                      *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*

**Plaintiff**

**LONGMONT UNITED HOSPITAL**        represented by   **Lori Allison Rubin**
*16−cv−00032*                                       (See above for address)
                                                    *LEAD ATTORNEY*
                                                    *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASANTE ASHLAND COMMUNITY**        represented by   **Brian J. Kapatkin**
**HOSPITAL**                                         FOLEY & LARDNER, LLP
*16−cv−01543*                                        3000 K Street, NW
                                                     Suite 600
                                                     Washington, DC 20007
                                                     (202) 945−6054
                                                     Email: bkapatkin@foley.com
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Lori Allison Rubin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**ASANTE ROUGE VALLEY**             represented by   **Brian J. Kapatkin**
**MEDICAL CENTER**                                   (See above for address)
*16−cv−01543*                                        *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Lori Allison Rubin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Plaintiff**

**PALMERTON HOSPITAL−CARBON**       represented by   **Brian J. Kapatkin**
*16−cv−01543*                                        (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Lori Allison Rubin**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**KATHLEEN SEBELIUS**
*Secretary, United States Department of Health and Human Services*
*TERMINATED: 07/24/2014*

represented by **Daniel Edward Bensing**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St., N.W.
Rm. 12028
Washington, DC 20005
(202) 305−0693
Fax: (202) 616−8460
Email: daniel.bensing@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacqueline E. Coleman Snead**
U.S. DEPARTMENT OF JUSTICE
Civil Division
20 Massachusetts Avenue, NW
Room 7332
Washington, DC 20044
(202) 514−3418
Fax: (202) 616−8470
Email: jacqueline.snead@usdoj.gov
*TERMINATED: 07/29/2015*

**Matthew J.B. Lawrence**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20530
(202) 616−8105
Fax: (202) 616−8470
Email: matthew.lawrence@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**SYLVIA MATHEWS BURWELL**
*in her official capacity as Secretary of the United States Department of Health and Human Services*
*TERMINATED: 03/21/2017*

represented by **Daniel Edward Bensing**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Benjamin R. Dryden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jacqueline E. Coleman Snead**
U.S. DEPARTMENT OF JUSTICE
Civil Division
20 Massachusetts Avenue, NW
Room 7218
Washington, DC 20530
(202) 514−3418
Fax: (202) 616−8470
Email: jacqueline.snead@usdoj.gov

*TERMINATED: 07/29/2015*

**Matthew J.B. Lawrence**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**THOMAS E. PRICE**                    represented by   **Benjamin R. Dryden**
*M.D., Secretary of Health and Human*                   (See above for address)
*Services*                                              *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel Edward Bensing**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**NORRIS COCHRAN**                     represented by   **Daniel Edward Bensing**
*in his official capacity as Acting Secretary*          (See above for address)
*of the United States Department of Health*             *LEAD ATTORNEY*
*and Human Services ; 17−cv−175*                        *ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 02/20/2014 | 1 | | COMPLAINT against KATHLEEN SEBELIUS ( Filing fee $ 400 receipt number 0090−3628260) filed by SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC.. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons)(Keough, Christopher) (Entered: 02/20/2014) |
| 02/20/2014 | 2 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC. (Keough, Christopher) (Entered: 02/20/2014) |
| 02/20/2014 | | | Case Assigned to Judge Emmet G. Sullivan. (md, ) (Entered: 02/21/2014) |
| 02/21/2014 | 3 | | ELECTRONIC SUMMONS (3) ISSUED as to KATHLEEN SEBELIUS, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons 2nd, # 2 Summons 3rd, # 3 Notice of Consent, # 4 Consent Form)(md, ) (Entered: 02/21/2014) |
| 03/05/2014 | 4 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. KATHLEEN SEBELIUS served on 2/26/2014 (Keough, Christopher) (Entered: 03/05/2014) |
| 03/05/2014 | 5 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 2/21/2014. Answer due for ALL FEDERAL DEFENDANTS by 4/22/2014. (Keough, Christopher) (Entered: 03/05/2014) |
| 03/05/2014 | 6 | | |

| | | | |
|---|---|---|---|
| | | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/26/2014. (Keough, Christopher) (Entered: 03/05/2014) |
| 04/14/2014 | 7 | | Consent MOTION for Extension of Time to *Respond to Complaint and to Establish Briefing Schedule* by KATHLEEN SEBELIUS (Coleman Snead, Jacqueline) (Entered: 04/14/2014) |
| 04/15/2014 | | | MINUTE ORDER granting 14 Defendant's Unopposed Motion for Enlargement of Time. Defendant shall respond to Plaintiffs' Complaint by no later than May 23, 2014. Further, upon consideration of the parties' joint proposed briefing schedule, the parties are directed to comply with the following briefing schedule: Plaintiffs' motion for summary judgment shall be filed by no later than July 16, 2014. Defendant's opposition shall be filed by no later than August 15, 2014. If Defendant chooses to file a cross−motion, it shall be combined with the opposition and filed on the same date. Plaintiffs' reply and, if applicable, combined opposition shall be filed by no later than September 19, 2014. Defendant's reply, if applicable, shall be filed no later than October 10, 2014. Signed by Judge Emmet G. Sullivan on April 15, 2014. (lcegs1) (Entered: 04/15/2014) |
| 04/16/2014 | | | Set/Reset Deadlines: Defendant shall respond to Plaintiffs' Complaint by no later than May 23, 2014. Further, upon consideration of the parties' joint proposed briefing schedule, the parties are directed to comply with the following briefing schedule: Plaintiffs' motion for summary judgment shall be filed by no later than July 16, 2014. Defendant's opposition shall be filed by no later than August 15, 2014. If Defendant chooses to file a cross−motion, it shall be combined with the opposition and filed on the same date. Plaintiffs' reply and, if applicable, combined opposition shall be filed by no later than September 19, 2014. Defendant's reply, if applicable, shall be filed no later than October 10, 2014 (tcb) (Entered: 04/16/2014) |
| 05/23/2014 | | | MINUTE ORDER. The Court, sua sponte, consolidates this case (14−cv−263) with related case Dignity Health v. Sebelius, Case No. 14−cv−536. See Fed. R. Civ. P. 42(a) (permitting the court to consolidate actions "involv[ing] a common question of law or fact"); Local Civ. R. 40.5(a)(3). The parties are directed to file all future documents in Case No. 14−cv−263. It is FURTHER ORDERED that the Clerk's Office is directed to close Case No. 14−cv−536. Signed by Judge Emmet G. Sullivan on May 23, 2014. (lcegs1) (Entered: 05/23/2014) |
| 05/23/2014 | 8 | | ANSWER to Complaint by KATHLEEN SEBELIUS.(Coleman Snead, Jacqueline) (Entered: 05/23/2014) |
| 05/23/2014 | | | CASE CONSOLIDATED. Case 14−cv−536 has been consolidated with 14−cv−263 pursuant to a Court Order entered 05/23/2014. From this date forward all pleadings shall be filed ONLY in Civil Action No. 14−cv−263. (rdj) Modified on 5/28/2014 (jf, ). (Entered: 05/27/2014) |
| 06/23/2014 | 9 | | ADMINISTRATIVE RECORD *Certification Pursuant to Local Civil Rule 7(n)(1)* by KATHLEEN SEBELIUS. (Coleman Snead, Jacqueline) (Entered: 06/23/2014) |
| 07/16/2014 | 10 | | MOTION for Summary Judgment by ADIRONDACK HEALTH SERVICES, INC., ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON |

| | | | |
|---|---|---|---|
| | | | HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., BAKERSFIELD MEMORIAL HOSPITAL, DIGNITY HEALTH, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC. (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Keough, Christopher) (Entered: 07/16/2014) |
| 07/23/2014 | | | MINUTE ORDER. The Court, sua sponte, consolidates this case (14−cv−263) with related cases Athens Regional Medical Center Inc. et al. v. Sebelius, Case No. 14−cv−503, American Hospital Association et al. v. Sebelius, Case No. 14−cv−607, and Bakersfield Heart Hospital et al. v. Burwell, Case No. 14−cv−976. See Fed. R. Civ. P. 42(a) (permitting the court to consolidate actions "involv[ing] a common question of law or fact"); Local Civ. R. 40.5(a)(3). The parties are directed to file all future documents in Case No. 14−cv−263. It is FURTHER ORDERED that the Clerk's Office is directed to close Case Nos. 14−cv−503, 14−cv−607 and 14−cv−976. It is FURTHER ORDERED that the defendant in Case No. 14−cv−976 shall file its response to the Complaint in that case by no later than August 15, 2014. Once the defendant has filed its response to that Complaint, the Court intends to institute a consolidated schedule for the briefing of dispositive motions. That schedule will proceed as follows: First, all plaintiffs that have not yet filed a motion for summary judgment will be directed to file their dispositive motions, if any. Second, the government will be directed to file a consolidated opposition to all pending motions for summary judgment, combined with any cross motion for summary judgment. Third, the plaintiffs will be ordered to file reply briefs, combined with their oppositions to the government's cross motion. Fourth, the government will file a consolidated reply in further support of its cross motion. To assist the Court in crafting an appropriate briefing schedule, the parties are hereby ORDERED to submit a joint status report containing proposed deadlines for this consolidated briefing schedule by no later than August 22, 2014. In the event that counsel are unable to agree on a joint recommendation, each party shall file an individual recommendation by that time. It is FURTHER ORDERED that briefing on all pending motions for summary judgment is hereby STAYED pending the institution of a briefing schedule by the Court. All pending motions requesting the institution of a briefing schedule, 7 joint motion for briefing schedule in Case No. 14−cv−503, 8 consent motion for briefing schedule and 11 motion for briefing schedule by plaintiffs in Case No. 14−cv−607, are hereby DENIED AS MOOT. Signed by Judge Emmet G. Sullivan on July 23, 2014. (lcegs4) (Entered: 07/23/2014) |
| 07/23/2014 | | | Set/Reset Deadlines: Answer due by 8/15/2014. Joint Status Report or Individual Recommendation due by 8/22/2014 (mac) (Entered: 07/23/2014) |
| 07/23/2014 | 11 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Ethan P. Davis, :Firm−King & Spalding LLP, :Address− 1700 Pennsylvania Ave., NW, Washington, DC 20006. Phone No. − (202) 626−5440. Fax No. − (202) 626−3737 Fee Status: Fee Paid in 14cv503. by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL |

| | | | |
|---|---|---|---|
| | | | AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (See Docket Etnry 10 in 14cv503, to view document) (jf, ) (Entered: 08/06/2014) |
| 08/06/2014 | | | MINUTE ORDER granting 11 Motion for Leave to Appear Pro Hac Vice. Ethan P. Davis is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 6, 2014. (lcegs4) (Entered: 08/06/2014) |
| 08/08/2014 | 12 | | STATUS REPORT *of American Hospital Association and Shands Plaintiffs Regarding Proposed Briefing Schedule* by ADIRONDACK HEALTH SERVICES, INC., ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, AMERICAN HOSPITAL ASSOCIATION, ATLANTICARE REGIONAL MEDICAL CENTER, INC., BAKERSFIELD MEMORIAL HOSPITAL, BANNER HEALTH, DIGNITY HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., WAKE FOREST BAPTIST MEDICAL CENTER. (Perella, Dominic) (Entered: 08/08/2014) |
| 08/12/2014 | 13 | | STATUS REPORT *of Athens and Bakersfield Plaintiffs* by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF |

| | | |
|---|---|---|
| | | ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (Polston, Mark) (Entered: 08/12/2014) |
| 08/13/2014 | | Upon consideration of 12 , 13 the proposed scheduling orders, the parties are directed to comply with the following briefing schedule: plaintiffs' separate motions for summary judgment shall be filed by no later than September 15, 2014 and shall be limited to 30 pages each. The government's consolidated opposition shall be filed by no later than October 15, 2014 and shall be limited to 30 pages. If the government chooses to file a cross−motion, it shall be combined with the opposition, filed on the same date and limited to 30 pages, for a combined brief total of 60 pages. Plaintiffs' reply briefs and, if applicable, opposition briefs shall be filed no later than October 31, 2014 and shall be limited to 18 pages. The government's reply, if applicable, shall be filed no later than November 21, 2014 and shall be limited to 25 pages. Within one business day of each of the filings, the parties shall deliver to the chambers of the Honorable Emmet G. Sullivan two copies of their pleadings and exhibits. In connection with this scheduling order, plaintiffs Shands et al. and American Hospital Association et al. shall refile their motions for summary judgment. All pending motions for summary judgment, 10 plaintiffs' motion for summary judgment in Case No. 14−263 and 7 plaintiffs' motion for summary judgment in Case No. 14−607, are hereby DENIED without prejudice. The parties are advised that requests for extension of time will be viewed with extreme disfavor. Signed by Judge Emmet G. Sullivan on August 13, 2014. (lcegs4) (Entered: 08/13/2014) |
| 08/14/2014 | | Set/Reset Deadlines: Plaintiffs' Motion For Summary Judgment due by 9/15/2014. Government's Opposition And/Or Cross−Motion, It Shall Be Combinded With The Opposition due by 10/15/2014. Plaintiff's Reply Briefs And If Applicable, Opposition Briefs due by 10/31/14. Government Reply due by 11/21/2014. (mac) (Entered: 08/14/2014) |
| 08/15/2014 | 14 | ANSWER to Complaint *of Bakersfield Heart Hospital Plaintiffs* by SYLVIA MATHEWS BURWELL.(Coleman Snead, Jacqueline) (Entered: 08/15/2014) |
| 09/09/2014 | | MINUTE ORDER. The Court, sua sponte, consolidates this case (14−cv−263) with related case St. Helena Hospital et al. v. Burwell, Case No. 14−cv−1477. See Fed. R. Civ. P. 42(a) (permitting the court to consolidate actions "involv[ing] a common question of law or fact"); Local Civ. R. 40.5(a)(3). The parties are directed to file all future documents in Case No. 14−cv−263. It is FURTHER ORDERED that the Clerk's Office is directed to close Case No. 14−cv−1477. It is FURTHER ORDERED that the plaintiffs in Case No. 14−cv−1477 shall file proof of service by no later than September 12, 2014. Signed by Judge Emmet G. Sullivan on September 9, 2014. (lcegs4) (Entered: 09/09/2014) |
| 09/12/2014 | 15 | MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support of Motion for Summary Judgment* by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE |

| | | | |
|---|---|---|---|
| | | | MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Rubin, Lori) (Entered: 09/12/2014) |
| 09/15/2014 | 16 | | MOTION for Summary Judgment by AMERICAN HOSPITAL ASSOCIATION, BANNER HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, WAKE FOREST BAPTIST MEDICAL CENTER (Attachments: # 1 Text of Proposed Order)(Perella, Dominic) (Entered: 09/15/2014) |
| 09/15/2014 | 17 | | Amended MOTION for Summary Judgment by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD HEART HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, BANNER HEALTH, BAYCARE AURORA, LLC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FEATHER RIVER HOSPITAL, FLOYD HEALTHCARE MANAGEMENT, INC., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREATER NEW YORK HOSPITAL ASSOCIATION, GREENVILLE HOSPITAL CORPORATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HANFORD COMMUNITY HOSPITAL, HEALTHCARE ASSOCIATION OF NEW |

| | | | |
|---|---|---|---|
| | | | YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MAT−SU VALLEY MEDICAL CENTER, LLC, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NATIONAL HEALTHCARE OF NEWPORT, INC., NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, OAKBEND MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REEDLEY COMMUNITY HOSPITAL, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UKIAH ADVENTIST HOSPITAL, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WESTCHESTER COUNTY HEALTH CORPORATION, WHITE MEMORIAL MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Keough, Christopher) (Entered: 09/15/2014) |
| 09/15/2014 | 18 | | MOTION for Summary Judgment by AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALHAMBRA HOSPITAL MEDICAL CENTER LP, AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL |

| | | | |
|---|---|---|---|
| | | | CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER (Attachments: # 1 Memorandum in Support of Motion for Summary Judgement, # 2 Text of Proposed Order)(Roth, Robert) (Entered: 09/15/2014) |
| 09/15/2014 | 19 | | MOTION for Summary Judgment by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Text of Proposed Order)(Polston, Mark) (Entered: 09/15/2014) |
| 09/25/2014 | 20 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General September 8, 2014. (Attachments: # 1 Affidavit Return of Service)(Roth, Robert) (Entered: 09/25/2014) |
| 09/25/2014 | 21 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 9/8/2014. Answer due for ALL FEDERAL DEFENDANTS by 11/7/2014. (Attachments: # 1 Affidavit)(Roth, Robert) (Entered: 09/25/2014) |
| 09/26/2014 | 22 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SYLVIA M. BURWELL served on 9/4/2014 (Attachments: # 1 Exhibit)(jf, ) (Main Document 22 replaced on 9/30/2014) (jf, ). (Entered: 09/26/2014) |
| 10/15/2014 | 23 | | MOTION to Dismiss and, MOTION for Summary Judgment by SYLVIA M. BURWELL (Attachments: # 1 Memorandum in Support)(Coleman Snead, Jacqueline) (Entered: 10/15/2014) |

| 10/15/2014 | 24 | | Memorandum in opposition to re 17 Amended MOTION for Summary Judgment , 15 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support of Motion for Summary Judgment*, 18 MOTION for Summary Judgment , 19 MOTION for Summary Judgment , 16 MOTION for Summary Judgment filed by SYLVIA M. BURWELL. (Coleman Snead, Jacqueline) (Entered: 10/15/2014) |
|---|---|---|---|
| 10/30/2014 | 25 | | REPLY to opposition to motion re 18 MOTION for Summary Judgment filed by AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALHAMBRA HOSPITAL MEDICAL CENTER LP, AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 10/30/2014) |
| 10/30/2014 | 26 | | Memorandum in opposition to re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALHAMBRA HOSPITAL MEDICAL CENTER LP, AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAYCARE AURORA, LLC, |

| | | | |
|---|---|---|---|
| | | | BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 10/30/2014) |
| 10/31/2014 | 27 | | REPLY to opposition to motion re 17 Amended MOTION for Summary Judgment filed by ADIRONDACK HEALTH SERVICES, INC., ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., BAKERSFIELD MEMORIAL HOSPITAL, DIGNITY HEALTH. (Keough, Christopher) (Entered: 10/31/2014) |
| 10/31/2014 | 28 | | Memorandum in opposition to re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by ADIRONDACK HEALTH SERVICES, INC., ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., BAKERSFIELD MEMORIAL HOSPITAL, DIGNITY HEALTH. (Keough, Christopher) (Entered: 10/31/2014) |
| 10/31/2014 | 29 | | REPLY to opposition to motion re 16 MOTION for Summary Judgment filed by AMERICAN HOSPITAL ASSOCIATION, BANNER HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, WAKE FOREST BAPTIST MEDICAL CENTER. (Perella, |

| | | | |
|---|---|---|---|
| | | | Dominic) (Entered: 10/31/2014) |
| 10/31/2014 | 30 | | Memorandum in opposition to re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by AMERICAN HOSPITAL ASSOCIATION, BANNER HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, WAKE FOREST BAPTIST MEDICAL CENTER. (Perella, Dominic) (Entered: 10/31/2014) |
| 10/31/2014 | 31 | | REPLY to opposition to motion re 15 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support of Motion for Summary Judgment* filed by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 10/31/2014) |
| 10/31/2014 | 32 | | Memorandum in opposition to re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 10/31/2014) |
| 10/31/2014 | 33 | | REPLY to opposition to motion re (19 in 1:14−cv−00263−EGS) MOTION for Summary Judgment filed by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. Associated Cases: 1:14−cv−00263−EGS, 1:14−cv−01477−EGS(Polston, Mark) (Entered: 10/31/2014) |

71

| 10/31/2014 | 34 | | Memorandum in opposition to re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (Polston, Mark) (Entered: 10/31/2014) |
| 11/21/2014 | 35 | | REPLY to opposition to motion re 23 MOTION to Dismiss *and* MOTION for Summary Judgment filed by SYLVIA MATHEWS BURWELL. (Coleman Snead, Jacqueline) (Entered: 11/21/2014) |
| 11/21/2014 | | | Case randomly reassigned to Judge Randolph D. Moss. Judge Emmet G. Sullivan no longer assigned to the case. (gt, ) (Entered: 11/21/2014) |
| 12/05/2014 | 36 | | JOINT APPENDIX by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD HEART HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, BANNER HEALTH, BAYCARE AURORA, LLC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY |

| | | | |
|---|---|---|---|
| | | | HOSPITAL, DIGNITY HEALTH, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FEATHER RIVER HOSPITAL, FLOYD HEALTHCARE MANAGEMENT, INC., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREATER NEW YORK HOSPITAL ASSOCIATION, GREENVILLE HOSPITAL CORPORATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HANFORD COMMUNITY HOSPITAL, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MAT−SU VALLEY MEDICAL CENTER, LLC, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NATIONAL HEALTHCARE OF NEWPORT, INC., NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, OAKBEND MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REEDLEY COMMUNITY HOSPITAL, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UKIAH ADVENTIST HOSPITAL, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WESTCHESTER COUNTY HEALTH CORPORATION, WHITE MEMORIAL MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Keough, Christopher) (Entered: 12/05/2014) |
| 06/15/2015 | | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear for oral argument on Plaintiffs' motions for summary judgment 15 , 16 , 17 , 18 , 19 , and Defendant's motion to dismiss or for summary judgment 23 , on August 3, 2015 at 2:00 p.m. in Courtroom 21, in the consolidated civil cases Nos. 14−263, 14−536, 14−607, 14−503, 14−976, and 14−1477. It is further ORDERED that on or before July 3, 2015, the parties shall confer and jointly file a proposal for the division of time among counsel for purposes of argument in the consolidated actions. Signed by Judge Randolph D. Moss on June 15, |

| | | | |
|---|---|---|---|
| | | | 2015. (lcrdm1, ) (Entered: 06/15/2015) |
| 06/15/2015 | | | Set/Reset Deadline/Hearing: On or before 7/3/2015, the parties shall confer and jointly file a proposal for the division of time among counsel for purposes of argument in the consolidated actions. The parties shall appear for oral argument on Plaintiffs' motions for summary judgment 15 , 16 , 17 , 18 , 19 , and Defendant's motion to dismiss or for summary judgment 23 , in the consolidated civil cases Nos. 14−263, 14−536, 14−607, 14−503, 14−976, and 14−1477, on 8/3/2015, at 2:00 PM, in Courtroom 21, before Judge Randolph D. Moss. (kt) (Entered: 06/15/2015) |
| 06/19/2015 | 37 | | NOTICE OF SUBSTITUTION OF COUNSEL by Catherine E. Stetson on behalf of AMERICAN HOSPITAL ASSOCIATION, BANNER HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, WAKE FOREST BAPTIST MEDICAL CENTER Substituting for attorney Dominic F. Perella (Stetson, Catherine) (Entered: 06/19/2015) |
| 07/03/2015 | 38 | | STATUS REPORT *re: Proposal for Oral Argument* by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD HEART HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, BANNER HEALTH, BAYCARE AURORA, LLC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FEATHER RIVER HOSPITAL, FLOYD HEALTHCARE MANAGEMENT, INC., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, |

| | | | |
|---|---|---|---|
| | | | LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREATER NEW YORK HOSPITAL ASSOCIATION, GREENVILLE HOSPITAL CORPORATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HANFORD COMMUNITY HOSPITAL, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MAT−SU VALLEY MEDICAL CENTER, LLC, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NATIONAL HEALTHCARE OF NEWPORT, INC., NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, OAKBEND MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REEDLEY COMMUNITY HOSPITAL, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UKIAH ADVENTIST HOSPITAL, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WESTCHESTER COUNTY HEALTH CORPORATION, WHITE MEMORIAL MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Polston, Mark) (Entered: 07/03/2015) |
| 07/29/2015 | 39 | | NOTICE of Appearance by Daniel Edward Bensing on behalf of All Defendants (Bensing, Daniel) (Entered: 07/29/2015) |
| 08/03/2015 | | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 8/3/2015 re: Plaintiffs Motions for Summary Judgment 15 , 16 , 17 , 18 , 19 , and Defendants Motion to Dismiss, or for Summary Judgment, 23 . Matters taken under advisement. (The parties are to submit Briefs on Vacatur, of no more than 20 pages, by 8/24/2015; Response Briefs, of no more than 5 pages, are due by 8/31/2015). (Court Reporter: Jeff Hook). (kt) (Entered: 08/03/2015) |
| 08/07/2015 | 40 | | TRANSCRIPT OF MOTIONS HEARING before Judge Randolph D. Moss held on August 3, 2015; Page Numbers: 1 through 61. Date of Issuance:August 7, 2015. Court Reporter/Transcriber Jeff Hook, Telephone number |

| | | | |
|---|---|---|---|
| | | | 202−354−3373, Court Reporter Email Address : jeff_hook@dcd.uscourts.gov.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 8/28/2015. Redacted Transcript Deadline set for 9/7/2015. Release of Transcript Restriction set for 11/5/2015.(Hook, Jeff) (Entered: 08/07/2015) |
| 08/24/2015 | 41 | | NOTICE of Appearance by Matthew J.B. Lawrence on behalf of All Defendants (Lawrence, Matthew) (Entered: 08/24/2015) |
| 08/24/2015 | 42 | | SUPPLEMENTAL MEMORANDUM to re 17 Amended MOTION for Summary Judgment , 15 MOTION for Summary Judgment *and Memorandum of Points and Authorities in Support of Motion for Summary Judgment*, 18 MOTION for Summary Judgment , 19 MOTION for Summary Judgment , 16 MOTION for Summary Judgment − *Plaintiffs' Supplemental Brief in Support of Vacatur* filed by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD HEART HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, BANNER HEALTH, BAYCARE AURORA, LLC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, |

| | | | |
|---|---|---|---|
| | | | FAYETTE REGIONAL HEALTH SYSTEM, FEATHER RIVER HOSPITAL, FLOYD HEALTHCARE MANAGEMENT, INC., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREATER NEW YORK HOSPITAL ASSOCIATION, GREENVILLE HOSPITAL CORPORATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HANFORD COMMUNITY HOSPITAL, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MAT−SU VALLEY MEDICAL CENTER, LLC, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NATIONAL HEALTHCARE OF NEWPORT, INC., NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, OAKBEND MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REEDLEY COMMUNITY HOSPITAL, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UKIAH ADVENTIST HOSPITAL, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WESTCHESTER COUNTY HEALTH CORPORATION, WHITE MEMORIAL MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Stetson, Catherine) (Entered: 08/24/2015) |
| 08/24/2015 | 43 | | SUPPLEMENTAL MEMORANDUM to re Motion Hearing, Set Deadlines,, *Regarding Vacatur* filed by KATHLEEN SEBELIUS. (Lawrence, Matthew) (Entered: 08/24/2015) |
| 08/31/2015 | 44 | | REPLY re 42 Supplemental Memorandum,,,,,,,,,,,,,,,, filed by SHANDS JACKSONVILLE MEDICAL CENTER, INC., ST. HELENA HOSPITAL. (Keough, Christopher) (Entered: 08/31/2015) |
| 08/31/2015 | 45 | | REPLY re 43 Supplemental Memorandum *Regarding Vacatur* filed by KATHLEEN SEBELIUS. (Lawrence, Matthew) (Entered: 08/31/2015) |

| | | | |
|---|---|---|---|
| 08/31/2015 | 46 | | MOTION for Leave to File *Two Reply Briefs* by AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, BAKERSFIELD HEART HOSPITAL, BANNER HEALTH, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GREATER NEW YORK HOSPITAL ASSOCIATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WESTCHESTER COUNTY HEALTH CORPORATION, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Attachments: # 1 Exhibit A: Proposed Reply Regarding Vacatur, # 2 Text of Proposed Order)(Stetson, Catherine) (Entered: 08/31/2015) |
| 09/01/2015 | | | MINUTE ORDER: Upon consideration of the American Hospital Association, Athens Regional, and Bakersfield Plaintiffs' Motion for Leave to File Two Reply Briefs 46 , it is hereby ORDERED that the motion is GRANTED. The attached Reply [46−1] is DEEMED FILED. Signed by Judge Randolph D. Moss on September 1, 2015. (lcrdm1, ) (Entered: 09/01/2015) |
| 09/01/2015 | 47 | | REPLY re 43 Supplemental Memorandum Regarding Vacatur filed by AMERICAN HOSPITAL ASSOCIATION, ATHENS REGIONAL MEDICAL CENTER INC, BAKERSFIELD HEART HOSPITAL, BANNER HEALTH, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, EINSTEIN HEALTHCARE NETWORK, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GREATER NEW YORK HOSPITAL ASSOCIATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, LOUISIANA MEDICAL CENTER |

| | | | |
|---|---|---|---|
| | | | AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WAKE FOREST BAPTIST MEDICAL CENTER, WESTCHESTER COUNTY HEALTH CORPORATION, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (zrdj) (Entered: 09/02/2015) |
| 09/02/2015 | 48 | | ERRATA by SHANDS JACKSONVILLE MEDICAL CENTER, INC., ST. HELENA HOSPITAL 44 Reply to Document filed by SHANDS JACKSONVILLE MEDICAL CENTER, INC., ST. HELENA HOSPITAL. (Keough, Christopher) (Entered: 09/02/2015) |
| 09/08/2015 | 49 | | MOTION for Leave to File *Sur−Reply Memorandum Regarding Vacatur* by SYLVIA M. BURWELL (Attachments: # 1 Exhibit Proposed Sur−Reply, # 2 Text of Proposed Order)(Lawrence, Matthew) (Entered: 09/08/2015) |
| 09/21/2015 | | | MINUTE ORDER: Upon consideration of Defendant's Motion for Leave to File Sur−Reply 49 , it is hereby ORDERED that the motion is GRANTED. Defendant's sur−reply [49−1] is DEEMED FILED. Signed by Judge Randolph D. Moss on September 21, 2015. (lcrdm1, ) (Entered: 09/21/2015) |
| 09/21/2015 | 50 | | MEMORANDUM AND OPINION denying Defendant's motion 23 , granting in part and denying in part Plaintiffs' motions 15 , 16 , 17 , 18 , 19 . The parties shall confer and propose to the Court no later than October 1, 2015, a timetable for administrative proceedings on remand. See document for details. Signed by Judge Randolph D. Moss on September 21, 2015. (lcrdm1, ) (Entered: 09/21/2015) |
| 09/21/2015 | 51 | | SURREPLY MEMORANDUM REGARDING VACATUR filed by SYLVIA M. BURWELL. (zrdj) (Entered: 09/22/2015) |
| 09/22/2015 | | | Set/Reset Deadline: The parties are to confer and propose, no later than 10/1/2015, a timetable for administrative proceedings on remand. (kt) (Entered: 09/22/2015) |
| 10/01/2015 | 52 | | NOTICE *of Joint Proposed Timetable for Administrative Proceedings* by KATHLEEN SEBELIUS re 50 Memorandum & Opinion, (Lawrence, Matthew) (Entered: 10/01/2015) |
| 10/06/2015 | 53 | | ORDER remanding for further proceedings. See document for details. Signed by Judge Randolph D. Moss on October 6, 2015. (lcrdm1, ) (Entered: 10/06/2015) |
| 12/08/2015 | 54 | | Joint STATUS REPORT by SYLVIA M. BURWELL. (Lawrence, Matthew) (Entered: 12/08/2015) |

| 01/12/2016 | 55 | | NOTICE OF RELATED CASE by ST. HELENA HOSPITAL. Case related to Case No. 16−cv−00030. (Roth, Robert) (Entered: 01/12/2016) |
|---|---|---|---|
| 03/11/2016 | 56 | | MOTION for Extension of Time to *File Notice* by SYLVIA M. BURWELL (Attachments: # 1 Text of Proposed Order)(Lawrence, Matthew) (Entered: 03/11/2016) |
| 03/14/2016 | 57 | | Memorandum in opposition to re 56 MOTION for Extension of Time to *File Notice* filed by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATHENS REGIONAL MEDICAL CENTER INC, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD HEART HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, EMH ELYRIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, FEATHER RIVER HOSPITAL, FLOYD HEALTHCARE MANAGEMENT, INC., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREATER NEW YORK HOSPITAL ASSOCIATION, GREENVILLE HOSPITAL CORPORATION, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, HANFORD COMMUNITY HOSPITAL, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MAT−SU VALLEY MEDICAL CENTER, LLC, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHEAST GEORGIA MEDICAL CENTER, NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, OAKBEND MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, |

|  |  |  |  |
|---|---|---|---|
|  |  |  | PARKVIEW MEDICAL CENTER, INC., PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REEDLEY COMMUNITY HOSPITAL, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UKIAH ADVENTIST HOSPITAL, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WESTCHESTER COUNTY HEALTH CORPORATION, WHITE MEMORIAL MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Polston, Mark) (Entered: 03/14/2016) |
| 03/16/2016 | 58 |  | REPLY to opposition to motion re 56 MOTION for Extension of Time to *File Notice* filed by SYLVIA M. BURWELL. (Lawrence, Matthew) (Entered: 03/16/2016) |
| 03/17/2016 |  |  | MINUTE ORDER: Upon consideration of Defendant's Motion for Extension of Time 56 , Plaintiffs' Memorandum in Opposition 57 , and Defendant's Reply 56 , it is hereby ORDERED that the motion is GRANTED. The Secretary shall publish the further notice required by this Court's October 6, 2015 Order 53 in the Federal Register on or before April 27, 2016. Further extensions will be granted only upon a showing of exceptional circumstances. Signed by Judge Randolph D. Moss on 3/17/2016. (lcrdm1, ) (Entered: 03/17/2016) |
| 03/18/2016 |  |  | Set/Reset Deadline: The Secretary shall publish the further notice required by this Court's October 6, 2015 Order 53 in the Federal Register on or before 4/27/2016. (kt) (Entered: 03/18/2016) |
| 05/02/2016 | 59 |  | Joint STATUS REPORT by SYLVIA M. BURWELL. (Lawrence, Matthew) (Entered: 05/02/2016) |
| 05/03/2016 |  |  | MINUTE ORDER: Upon consideration of the Joint Status Report 59 , it is hereby ORDERED that the parties shall file a joint status report on or before May 23, 2016. Signed by Judge Randolph D. Moss on 5/3/2016. (lcrdm1, ) (Entered: 05/03/2016) |
| 05/03/2016 |  |  | Set/Reset Deadlines: The parties shall file a joint status report on or before 5/23/2016. (kt) (Entered: 05/03/2016) |
| 05/19/2016 | 60 |  | Joint MOTION to Stay by SYLVIA M. BURWELL (Attachments: # 1 Text of Proposed Order)(Lawrence, Matthew) (Entered: 05/19/2016) |
| 05/19/2016 |  |  | MINUTE ORDER: In light of the Joint Motion to Stay 60 , it is hereby ORDERED that the motion is GRANTED. The case is stayed pending further |

| | | |
|---|---|---|
| | | order of the Court. In lieu of the joint status report previously due on May 23, 2016, the parties shall fill a joint status report within 14 days after publication of the IPPS final rule for FY 2017. Signed by Judge Randolph D. Moss on 5/19/2016. (lcrdm1, ) (Entered: 05/19/2016) |
| 08/15/2016 | 61 | Joint STATUS REPORT by SYLVIA MATHEWS BURWELL. (Lawrence, Matthew) (Entered: 08/15/2016) |
| 08/15/2016 | | MINUTE ORDER: Upon consideration of the Joint Status Report 61 , it is hereby ORDERED that the parties shall submit a further joint status report on or before September 22, 2016. Signed by Judge Randolph D. Moss on 8/15/2016. (lcrdm1, ) (Entered: 08/15/2016) |
| 08/16/2016 | | Set/Reset Deadlines: The parties shall submit a further joint status report on or before 9/22/2016. (kt) (Entered: 08/16/2016) |
| 09/22/2016 | 62 | Joint STATUS REPORT by SYLVIA MATHEWS BURWELL. (Lawrence, Matthew) (Entered: 09/22/2016) |
| 09/26/2016 | | MINUTE ORDER: Upon consideration of the Joint Status Report 62 , it is hereby ORDERED that the parties shall submit a further joint status report on or before October 24, 2016. Signed by Judge Randolph D. Moss on 9/26/2016. (lcrdm1, ) (Entered: 09/26/2016) |
| 09/26/2016 | | Set/Reset Deadlines: The parties shall submit a further joint status report on or before by 10/24/2016. (kt) (Entered: 09/26/2016) |
| 10/24/2016 | 63 | Joint STATUS REPORT by SYLVIA MATHEWS BURWELL. (Lawrence, Matthew) (Entered: 10/24/2016) |
| 10/25/2016 | | MINUTE ORDER: Upon consideration of the Joint Status Report 63 , it is hereby ORDERED that the parties shall submit a further joint status report on or before November 23, 2016. Signed by Judge Randolph D. Moss on 10/25/2016. Associated Cases: 1:14−cv−00263−RDM, 1:16−cv−00200−RDM(lcrdm1, ) (Entered: 10/25/2016) |
| 10/25/2016 | | Set/Reset Deadlines: The parties shall submit a further joint status report on or before 11/23/2016. Associated Cases: 1:14−cv−00263−RDM, 1:16−cv−00200−RDM.(kt) (Entered: 10/25/2016) |
| 11/23/2016 | 64 | Joint STATUS REPORT by SYLVIA MATHEWS BURWELL. (Lawrence, Matthew) (Entered: 11/23/2016) |
| 11/28/2016 | | MINUTE ORDER: Upon consideration of the Joint Status Report 64 , it is hereby ORDERED that the parties shall file a supplemental status report on December 7, 2016. Signed by Judge Randolph D. Moss on 11/28/2016. (lcrdm1, ) (Entered: 11/28/2016) |
| 11/28/2016 | | Set/Reset Deadlines: Supplemental Status Report due by 12/7/2016. (dot) (Entered: 11/28/2016) |
| 12/07/2016 | 65 | Supplemental STATUS REPORT *(Joint)* by SYLVIA MATHEWS BURWELL. (Lawrence, Matthew) (Entered: 12/07/2016) |
| 12/08/2016 | | MINUTE ORDER: The parties are hereby ORDERED to appear for a status conference on December 15, 2016, at 10:00 a.m. in order to discuss the scheduling issues raised in the Supplemental Status Report 65 . Signed by |

| | | | |
|---|---|---|---|
| | | | Judge Randolph D. Moss on 12/8/2016. (lcrdm1, ) (Entered: 12/08/2016) |
| 12/08/2016 | | | Set/Reset Hearings: A Status Conference is set for 12/15/2016, at 10:00 AM, in Courtroom 21, before Judge Randolph D. Moss. (kt) (Entered: 12/08/2016) |
| 12/14/2016 | 66 | | NOTICE of Appearance by Kelly A. Carroll on behalf of AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ATHENS REGIONAL MEDICAL CENTER INC, AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER (Carroll, Kelly) (Entered: 12/14/2016) |
| 12/14/2016 | 67 | | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name− John R. Hellow, :Firm− Hooper, Lundy & Bookman, P.C., :Address− 1875 Century Park East, Suite 1600, Los Angeles, CA 90067. Phone No. − 310.551.8155. Fax No. − 310.551.8181 Filing fee $ 100, receipt number 0090−4776697. Fee Status: Fee Paid. by AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ATHENS REGIONAL MEDICAL CENTER INC, AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER |

| | | | |
|---|---|---|---|
| | | | OF WASHINGTON COUNTY, INC., BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER (Attachments: # 1 Exhibit A Declaration of John R. Hellow, # 2 Exhibit B Proposed Order)(Roth, Robert) (Entered: 12/14/2016) |
| 12/14/2016 | | | MINUTE ORDER: Upon consideration of Plaintiffs' Unopposed Motion for Admission Pro Hac Vice 67 , it is hereby ORDERED that the motion is GRANTED. John R. Hellow is hereby granted leave to appear pro hac vice in this case. Signed by Judge Randolph D. Moss on 12/14/2016. (lcrdm1, ) (Entered: 12/14/2016) |
| 12/15/2016 | | | Minute Entry for proceedings held before Judge Randolph D. Moss: Status Conference held on 12/15/2016. Related cases 16cv200 and 16cv2301 are to be consolidated with case 14cv263; Order forthcoming. The Court will enter a stay in case 16cv2301. The Court will issue an order regarding the interest briefing schedule outlined in the joint status report; Order forthcoming. The Administrative Record shall be filed on or before 2/22/2017; Plaintiff's Summary Judgment Motion is due by 3/24/2017; Government's Opposition and Cross Motion are due by 5/5/2017; Plaintiff's Reply and Opposition are due by 6/5/2017; and the Government's final brief is due by 6/26/2017. One week from today, the parties shall file a joint proposal to identify those cases that should remain stayed and those cases where the stay should be lifted. A Motion Hearing is set for 8/4/2017, at 10:00 AM, in Courtroom 21, before Judge Randolph D. Moss. (Court Reporter: Pat Kaneshiro−Miller). (kt) Modified on 12/15/2016 to remove the word "tax" (kt). (Entered: 12/15/2016) |
| 12/19/2016 | | | MINUTE ORDER: In light of the representations made by counsel at the status conference held on December 15, 2016, the Court hereby consolidates this case (14−cv−263) with related cases Williamsport Regional Medical Center, et al. v. Burwell, No. 16−cv−200, and Auburn Medical Center, et al. v. Burwell, No. 16−cv−2301. See Fed. R. Civ. P. 42(a) (permitting the court to consolidate actions "involv[ing] a common question of law or fact"); Local Civ. R. 40.5(a)(3). The parties are directed to file all future documents in Case No. |

| | | | |
|---|---|---|---|
| | | | 14−cv−263. It is FURTHER ORDERED that the Clerk's Office is directed to close Case Nos. 16−cv−200 and 16−cv−2301. It is FURTHER ORDERED that in the joint proposal identifying which cases should remain stayed that is due on or before December 22, 2016, the parties should also include a proposal as to whether any of the remaining cases that are associated with 14−cv−263 but not officially consolidated into it, should be consolidated and closed in a similar fashion as 14−cv−536, 14−cv−503, 14−cv−607, 14−cv−976, 14−cv−1477, 16−cv−200 and 16−cv−2301. Signed by Judge Randolph D. Moss on 12/19/2016. (lcrdm1, ) (Entered: 12/19/2016) |
| 12/19/2016 | | | MINUTE ORDER: Upon consideration of the briefing schedule outlined in the Joint Status Report 65 , it is hereby ORDERED that Plaintiffs shall file their motions for interest payments on January 11, 2017, Defendant shall file its opposition to the motions on February 1, 2017, and Plaintiffs shall file their replies on February 8, 2017. As discussed at the status conference on December 15, 2016, should any parties resolve their dispute with HHS over the payment of interest, they should inform the Court on or before January 11, 2017, so that the Court can consider proposals to consolidate the parties' interest briefing with the parties' summary judgment briefing. Signed by Judge Randolph D. Moss on 12/19/2016. (lcrdm1, ) (Entered: 12/19/2016) |
| 12/19/2016 | | | Set/Reset Deadlines: Plaintiffs shall file their motions for interest payments on 1/11/2017; Defendant shall file its opposition to the motions on 2/1/2017; Plaintiffs shall file their replies on 2/8/2017; Should any parties resolve their dispute with HHS over the payment of interest, they should inform the Court on or before 1/11/2017. (kt) (Entered: 12/19/2016) |
| 12/22/2016 | 68 | | NOTICE *Joint Status Report* by SYLVIA MATHEWS BURWELL Associated Cases: 1:14−cv−00263−RDM, 1:16−cv−00200−RDM(Bensing, Daniel) (Entered: 12/22/2016) |
| 01/11/2017 | 69 | | MOTION for Order *Awarding Interest* by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY |

| | | | |
|---|---|---|---|
| | | | HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER (Attachments: # 1 Memorandum in Support of Plaintiffs' Motion for Order Awarding Interest, # 2 Exhibit A − Proposed Order, # 3 Exhibit B − Proposed Order)(Roth, Robert) (Entered: 01/11/2017) |
| 01/11/2017 | 70 | | MOTION for Order *of Interest Payments* by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Attachments: # 1 Text of Proposed Order)(Rubin, Lori) (Entered: 01/11/2017) |
| 01/11/2017 | 71 | | MOTION for Order *Awarding Interest* by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION (Attachments: # 1 Text of Proposed Order)(Polston, Mark) (Entered: 01/11/2017) |
| 02/01/2017 | 72 | | |

| | | | |
|---|---|---|---|
| | | | Memorandum in opposition to re (70 in 1:14−cv−00263−RDM) MOTION for Order *of Interest Payments*, (71 in 1:14−cv−00263−RDM) MOTION for Order *Awarding Interest*, (69 in 1:14−cv−00263−RDM) MOTION for Order *Awarding Interest* filed by SYLVIA MATHEWS BURWELL. Associated Cases: 1:14−cv−00263−RDM, 1:16−cv−00200−RDM(Bensing, Daniel) (Entered: 02/01/2017) |
| 02/08/2017 | 73 | | REPLY to opposition to motion re 70 MOTION for Order *of Interest Payments* filed by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 02/08/2017) |
| 02/08/2017 | 74 | | REPLY to opposition to motion re 69 MOTION for Order *Awarding Interest* filed by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC., AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND |

| | | | |
|---|---|---|---|
| | | | CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 02/08/2017) |
| 02/08/2017 | 75 | | REPLY to opposition to motion re 71 MOTION for Order *Awarding Interest* filed by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (Polston, Mark) (Entered: 02/08/2017) |
| 02/22/2017 | 76 | | NOTICE *of Filings Administrative Record* by KATHLEEN SEBELIUS (Attachments: # 1 Exhibit, # 2 Affidavit)Associated Cases: 1:14−cv−00263−RDM, 1:16−cv−00200−RDM(Bensing, Daniel) (Entered: 02/22/2017) |
| 03/21/2017 | 77 | | Joint MOTION for Extension of Time to File *Summary Judgment Briefs* by BAKERSFIELD HEART HOSPITAL, EMH ELYRIA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, PARMA COMMUNITY GENERAL HOSPITAL, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Attachments: # 1 Text of Proposed Order)(Rubin, Lori) (Entered: 03/21/2017) |
| 03/21/2017 | | | MINUTE ORDER: Upon consideration of the Joint Motion for Extension of Briefing Schedule 77 , the motion is hereby GRANTED. The deadlines specified in the Court's December 15, 2016, Minute Entry are hereby AMENDED as follows: Plaintiffs' motions for summary judgment are due on April 14, 2017; Defendant's opposition and cross motion for summary judgment are due on May 26, 2017; Plaintiffs' replies and oppositions are due on June 26, 2017; Defendant's reply brief is due on July 17, 2017. All plaintiffs wishing to brief the merits should conform to the foregoing briefing schedule. The motion hearing currently scheduled for August 4, 2017, is hereby VACATED and RESCHEDULED for October 11, 2017, at 10:00 a.m. in Courtroom 21. Signed by Judge Randolph D. Moss on 3/21/2017. (lcrdm1, ) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/21/2017) |
| 03/22/2017 | | | Set/Reset Deadlines/Hearings: Plaintiffs' motions for summary judgment are due on 4/14/2017; Defendant's opposition and cross motion for summary judgment are due on 5/26/2017; Plaintiffs' replies and oppositions are due on 6/26/2017; Defendant's reply brief is due on 7/17/2017. The Motion Hearing set for 8/4/2017 is VACATED and RESCHEDULED to 10/11/2017, at 10:00 AM, in Courtroom 21, before Judge Randolph D. Moss. (kt) (Entered: 03/22/2017) |
| 04/14/2017 | 78 | | Unopposed MOTION for Extension of Time to File *Summary Judgment Motion* by ATHENS REGIONAL MEDICAL CENTER INC (Attachments: # 1 Text of Proposed Order)(Davis, Ethan) (Entered: 04/14/2017) |
| 04/14/2017 | | | MINUTE ORDER: Upon consideration of the Unopposed Motion for Extension of Briefing Schedule 78 , the motion is hereby GRANTED. The deadlines specified in the Court's March 21, 2016, Minute Order are hereby AMENDED as follows: Plaintiffs' motions for summary judgment are due on April 28, 2017; Defendant's opposition and cross motion for summary judgment are due on June 10, 2017; Plaintiffs' replies and oppositions are due on July 11, 2017; and Defendant's reply brief is due on July 31, 2017. All plaintiffs wishing to brief the merits should conform to the foregoing briefing schedule. Signed by Judge Randolph D. Moss on 4/14/2017. (lcrdm1, ) (Entered: 04/14/2017) |
| 04/17/2017 | | | Set/Reset Deadlines: Plaintiffs' motions for summary judgment are due on 4/28/2017; Defendant's opposition and cross motion for summary judgment are due on 6/10/2017; Plaintiffs' replies and oppositions are due on 7/11/2017; Defendant's reply brief is due on 7/31/2017. (kt) (Entered: 04/17/2017) |
| 04/17/2017 | 79 | | ORDER: Upon consideration of the Joint Status Report 68 , the Court hereby ORDERS that the cases related to Shands Jacksonville Medical Center, Inc. v. Price, No. 14−cv−263, are to be organized as described in the attached Order. Should any party wish to clarify or object to the classification of its case as noted in the Court's Order, that party is hereby ORDERED to file a motion seeking appropriate relief on or before April 28, 2017. See document for details. Signed by Judge Randolph D. Moss on 4/17/2017. (lcrdm1, ) (Entered: 04/17/2017) |
| 04/27/2017 | 80 | | NOTICE by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH |

| | | | |
|---|---|---|---|
| | | | CORPORATION re 79 Order,, (Polston, Mark) (Entered: 04/27/2017) |
| 04/28/2017 | 81 | | NOTICE of Appearance by Lori Allison Rubin on behalf of AFFINITY HOSPITAL, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC (Rubin, Lori) (Entered: 04/28/2017) |
| 04/28/2017 | 82 | | Renewed MOTION for Summary Judgment , MOTION to Vacate *by Bakersfield Plaintiffs including* by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Attachments: # 1 Text of Proposed Order)(Rubin, Lori) (Entered: 04/28/2017) |
| 04/28/2017 | 83 | | NOTICE by AMERICAN HOSPITAL ASSOCIATION, BANNER HEALTH, EINSTEIN HEALTHCARE NETWORK, GREATER NEW YORK HOSPITAL ASSOCIATION, HEALTHCARE ASSOCIATION OF NEW YORK, HOSPITAL AND HEALTHSYSTEM ASSOCIATION OF PENNSYLVANIA, MOUNT SINAI HOSPITAL, NEW JERSEY HOSPITAL ASSOCIATION, WAKE FOREST BAPTIST MEDICAL CENTER re 79 Order,, (Stetson, Catherine) (Entered: 04/28/2017) |
| 04/28/2017 | 84 | | MOTION for Summary Judgment by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH |

90

| | | | |
|---|---|---|---|
| | | | SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION (Attachments: # 1 Memorandum in Support of Plaintiffs Athens Regional et al.'s Motion for Summary Judgment, # 2 Text of Proposed Order)(Polston, Mark) (Entered: 04/28/2017) |
| 05/01/2017 | | | MINUTE ORDER: In a Minute Order entered on July 23, 2014, the Court (Sullivan, J.) consolidated Case Number 14−cv−607, American Hospital Association v. Sebelius, with Case No. 14−cv−263, Shands Jacksonville Medical Center, Inc. v. Price, and directed the Clerk's Office to close Case No. 14−cv−607. On April 17, 2017, the Court (Moss, J.) ordered Plaintiffs in 14−cv−607 to update the Court as to "whether they are requesting that the Court unconsolidate the case and reopen the original docket." Dkt. 79 at 2 n.2. In Plaintiffs' Response to the Court's Order 83 , Plaintiffs represented that they "d[id] not intend to pursue their claims further" in Case No. 14−cv−607, that the case "need not remain stayed or consolidated," and that the case "may be dismissed." Accordingly, the Court hereby DISMISSES under Fed. R. Civ. P. 41(a)(2) any claims arising from Case No. 14−cv−607. Signed by Judge Randolph D. Moss on 5/1/2017. (lcrdm1, ) (Entered: 05/01/2017) |
| 05/23/2017 | 85 | | STIPULATION of Dismissal , *Partial Dismissal for Plaintiffs in Dignity, 14−cv−0536* by ALBANY MEMORIAL HOSPITAL. (Attachments: # 1 Exhibit 1)(Keough, Christopher) (Entered: 05/23/2017) |
| 05/23/2017 | 86 | | STIPULATION of Dismissal , *Partial Dismissal for Plaintiffs in Shands, 15−cv−1150* by ALBANY MEMORIAL HOSPITAL. (Attachments: # 1 Exhibit 1)(Keough, Christopher) (Entered: 05/23/2017) |
| 05/24/2017 | | | MINUTE ORDER: Upon consideration of the Stipulation of Partial Settlement and Dismissal With Prejudice 85 , it is hereby ORDERED that this action is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a) as to the forty−six plaintiff hospitals indicated in Dkt. 85 −1 at 1−2. Those plaintiffs originally brought their claims in civil action No. 14−cv−536, which was consolidated with 14−cv−263 and closed on May 23, 2014. See Dkt. 79 at 2. The claims brought by the 14−cv−536 plaintiff hospitals not listed in Dkt. 85 −1 remain CONSOLIDATED with 14−cv−263. Signed by Judge Randolph D. Moss on 5/24/2017. (lcrdm1, ) (Entered: 05/24/2017) |
| 05/24/2017 | | | MINUTE ORDER: Upon consideration of the Stipulation of Partial Settlement and Dismissal With Prejudice 86 , it is hereby ORDERED that this action is DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(a) as to the forty−six plaintiff hospitals indicated in Dkt. 86 −1 at 1−2. Those plaintiffs originally brought their claims in civil action No. 15−cv−1150, which was consolidated with 14−cv−263 and closed on April 17, 2017. See Dkt. 79 at 1. The claims brought by the 15−cv−1150 plaintiff hospitals not listed in Dkt. 86 −1 remain CONSOLIDATED with 14−cv−263. Signed by Judge Randolph D. Moss on 5/24/2017. (lcrdm1, ) (Entered: 05/24/2017) |

| 06/08/2017 | 87 | | Unopposed MOTION for Extension of Time to File Response/Reply as to 84 MOTION for Summary Judgment , 82 MOTION for Summary Judgment MOTION to Vacate *by Bakersfield Plaintiffs including* by SYLVIA MATHEWS BURWELL (Attachments: # 1 Text of Proposed Order)(Bensing, Daniel) (Entered: 06/08/2017) |
|---|---|---|---|
| 06/08/2017 | | | MINUTE ORDER: Upon consideration of Defendant's Unopposed Motion for Extension of Time 87 , the motion is hereby GRANTED. The deadlines specified in the Court's April 14, 2017, Minute Order are hereby AMENDED as follows: Defendant's opposition and cross−motion for summary judgment shall be filed on or before June 30, 2017; Plaintiffs' replies and oppositions shall be filed on or before August 11, 2017; and Defendant's reply brief shall be filed on or before September 1, 2017. All plaintiffs wishing to brief the merits should conform to the foregoing briefing schedule. Signed by Judge Randolph D. Moss on 6/8/2017. (lcrdm1, ) (Entered: 06/08/2017) |
| 06/08/2017 | | | Set/Reset Deadlines: Defendant's Cross Motion due by 6/30/2017. Response to Cross Motion due by 8/11/2017. Reply to Cross Motion due by 9/1/2017. Defendant's Response to 84 Motion for Summary Judgment due by 6/30/2017. Reply to Motion for Summary Judgment due by 8/11/2017. (dot) (Entered: 06/09/2017) |
| 06/12/2017 | 88 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. Attorney Ethan Price Davis terminated. (Davis, Ethan) (Entered: 06/12/2017) |
| 06/12/2017 | | | MINUTE ORDER: Upon consideration of the Notice of Withdrawal of Appearance 88 , it is hereby ORDERED that Ethan P. Davis is granted leave to withdraw his appearance as counsel for the Plaintiffs listed in Exhibit A (see Dkt. 88 at 4). Signed by Judge Randolph D. Moss on 6/12/2017. (lcrdm1, ) (Entered: 06/12/2017) |
| 06/30/2017 | 89 | | MOTION for Summary Judgment *and Opposition to Plaintiffs' Motions for Summary Judgment* by SYLVIA MATHEWS BURWELL (Attachments: # 1 Memorandum in Support, # 2 Text of Proposed Order)(Bensing, Daniel) (Entered: 06/30/2017) |
| 07/03/2017 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF ERROR re 89 Motion for Summary Judgment; emailed to daniel.bensing@usdoj.gov, cc'd 40 associated attorneys —— The PDF file you docketed contained errors: 1. The second part of your document needs to be filed which would be the Opposition. (ztd, ) (Entered: 07/03/2017) |
| 07/05/2017 | 90 | | Memorandum in Opposition re 84 MOTION for Summary Judgment , 82 MOTION for Summary Judgment MOTION to Vacate *by Bakersfield Plaintiffs including* filed by SYLVIA MATHEWS BURWELL. (Bensing, Daniel) Modified event title on 7/6/2017 (znmw). (Entered: 07/05/2017) |
| 07/18/2017 | 91 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AFFINITY HOSPITAL, LLC, ANNISTON HMA, LLC, BAYFRONT HMA MEDICAL CENTER, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, FORT SMITH HMA, LLC, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, MAT−SU VALLEY MEDICAL CENTER, LLC, MCSA, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PUNTA GORDA HMA, LLC., QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, VAN BUREN HMA, LLC. Attorney Robert L. Roth; Kelly A. Carroll and John R. Hellow terminated. (Roth, Robert) (Entered: 07/18/2017) |
| 08/03/2017 | | | MINUTE ORDER: The motions hearing currently scheduled for October 11, 2017 (see Minute Order, March 21, 2017), is hereby VACATED and RESCHEDULED for October 26, 2017, at 10:00 a.m. in Courtroom 21. All parties wishing to be heard on the pending motions for summary judgment ( 82 , 84 , 89 ) should attend. Signed by Judge Randolph D. Moss on 8/3/2017. (lcrdm1, ) (Entered: 08/03/2017) |
| 08/03/2017 | | | Set/Reset Hearings: The Motion Hearing set for 10/11/2017 is VACATED and RESCHEDULED for 10/26/2017, at 10:00 AM, in Courtroom 21, before Judge Randolph D. Moss. (kt) (Entered: 08/03/2017) |
| 08/11/2017 | 92 | | NOTICE of Appearance by Donald H Romano on behalf of AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL |

| | | | |
|---|---|---|---|
| | | | HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Romano, Donald) (Entered: 08/11/2017) |
| 08/11/2017 | 93 | | REPLY to opposition to motion re 82 MOTION for Summary Judgment MOTION to Vacate *by Bakersfield Plaintiffs including* filed by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 08/11/2017) |
| 08/11/2017 | 94 | | RESPONSE re 89 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motions for Summary Judgment* filed by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 08/11/2017) |
| 08/11/2017 | 95 | | REPLY to opposition to motion re 84 MOTION for Summary Judgment filed by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA |

| | | | |
|---|---|---|---|
| | | | HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (Polston, Mark) (Entered: 08/11/2017) |
| 08/11/2017 | 96 | | Memorandum in opposition to re 89 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motions for Summary Judgment* filed by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. (See Docket Entry 95 to view document). (znmw) (Entered: 08/14/2017) |
| 09/01/2017 | 97 | | REPLY to opposition to motion re 89 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motions for Summary Judgment* filed by KATHLEEN SEBELIUS. (Bensing, Daniel) (Entered: 09/01/2017) |
| 09/15/2017 | 98 | | JOINT APPENDIX by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA |

| | | |
|---|---|---|
| | | MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Attachments: # 1 Appendix)(Rubin, Lori) (Entered: 09/15/2017) |
| 10/20/2017 | | MINUTE ORDER: For the purposes of clarification, the hearing scheduled for October 26, 2017 at 10:00 a.m. in Courtroom 21 will address only the pending motions for summary judgment 82 , 84 , and 89 (see Minute Order, August 3, 2017). The parties shall file a joint notice with the Court on or before October 24, 2017, indicating who will present argument on behalf of plaintiffs and defendant. Signed by Judge Randolph D. Moss on 10/20/2017. (lcrdm1, ) (Entered: 10/20/2017) |
| 10/23/2017 | | Set/Reset Deadlines: Joint notice by parties due by 10/24/2017.(kt) (Entered: 10/23/2017) |
| 10/24/2017 | 99 | NOTICE of Appearance by Marisa Maleck on behalf of ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION (Maleck, Marisa) (Entered: 10/24/2017) |
| 10/24/2017 | 100 | NOTICE *Joint Notice Identifying Arguing Attorneys* by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION re Order, (Polston, Mark) (Entered: 10/24/2017) |

| 10/26/2017 | | | Minute Entry for proceedings held before Judge Randolph D. Moss: Motion Hearing held on 10/26/2017 re: 82 MOTION for Summary Judgment MOTION to Vacate *by Bakersfield Plaintiffs including* filed by MAT−SU VALLEY MEDICAL CENTER, LLC, PARMA COMMUNITY GENERAL HOSPITAL, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, UH REGIONAL HOSPITALS, CRESTWOOD HEALTHCARE, L.P., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, PAYSON HOSPITAL CORPORATION, NORTHWEST HOSPITAL, LLC, FORT PAYNE HOSPITAL CORPORATION, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, NATIONAL HEALTHCARE OF NEWPORT, INC., GREENVILLE HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, AFFINITY HOSPITAL, LLC, NORTHWEST ARKANSAS HOSPITALS, LLC, EMH ELYRIA MEDICAL CENTER, BAKERSFIELD HEART HOSPITAL, TRIAD OF ALABAMA, LLC, GADSDEN REGIONAL MEDICAL CENTER, LLC, ORO VALLEY HOSPITAL, LLC, QHG OF ENTERPRISE, INC., WILLIS−KNIGHTON MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, BULLHEAD CITY HOSPITAL CORPORATION, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, 84 MOTION for Summary Judgment filed by BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, STATE UNIVERSITY OF IOWA, WESTCHESTER COUNTY HEALTH CORPORATION, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, MIDLAND COUNTY HOSPITAL DISTRICT, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, NORTHEAST GEORGIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, LUBBOCK COUNTY HOSPITAL DISTRICT, ATHENS REGIONAL MEDICAL CENTER INC, FLOYD HEALTHCARE MANAGEMENT, INC., MARTIN HEALTH SYSTEM, GWINNETT HOSPITAL SYSTEM INC, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., OAKBEND MEDICAL CENTER, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, PARKVIEW MEDICAL CENTER, INC., and 89 MOTION for Summary Judgment *and Opposition to Plaintiffs' Motions for Summary Judgment* filed by SYLVIA MATHEWS BURWELL. Motions ARGUED, HEARD and TAKEN UNDER ADVISEMENT. (Court Reporter: Richard Ehrlich.) (kt) (Entered: 10/26/2017) |
| 01/31/2018 | 101 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to LONG BEACH MEMORIAL MEDICAL CENTER, ORANGE COAST MEMORIAL MEDICAL CENTER, SADDLEBACK MEMORIAL MEDICAL CENTER. Attorney James F. Segroves terminated. (Segroves, James) (Entered: 01/31/2018) |
| 04/26/2018 | | | MINUTE ORDER: A stay was issued in these consolidated cases in light of the earlier remand. Minute Order (May 19, 2016). Because that consideration is no longer applicable, it is hereby ORDERED that the stay is lifted. Signed by Judge Randolph D. Moss on 4/26/2018. (lcrdm1, ) (Entered: 04/26/2018) |

| 10/17/2018 | 102 | | MOTION for Order *Awarding Interest* by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP(17−39), AHMC MONTEREY PARK HOSPITAL LP(14cv1477), AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC.(14cv1477), AURORA HEALTH CARE CENTRAL, INC.(17−39), AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER (Attachments: # 1 Text of Proposed Order)(Roth, Robert) (Entered: 10/17/2018) |
| 10/30/2018 | 103 | | Memorandum in opposition to re 102 MOTION for Order *Awarding Interest* filed by SYLVIA MATHEWS BURWELL. (Bensing, Daniel) (Entered: 10/30/2018) |
| 11/06/2018 | 104 | | REPLY to opposition to motion re 102 MOTION for Order *Awarding Interest* filed by ADIRONDACK HEALTH SERVICES, INC., AFFINITY HOSPITAL, LLC, AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, |

| | | | |
|---|---|---|---|
| | | | AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP(17−39), AHMC MONTEREY PARK HOSPITAL LP(14cv1477), AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC.(14cv1477), AURORA HEALTH CARE CENTRAL, INC.(17−39), AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, BULLHEAD CITY HOSPITAL CORPORATION, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GLENDALE ADVENTIST MEDICAL CENTER, GREENVILLE HOSPITAL CORPORATION, HANFORD COMMUNITY HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PAYSON HOSPITAL CORPORATION, PORTLAND ADVENTIST MEDICAL CENTER, QHG OF ENTERPRISE, INC., REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, TRIAD OF ALABAMA, LLC, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 11/06/2018) |
| 12/28/2018 | 105 | | MEMORANDUM OPINION: The Court will DENY both the *Bakersfield* Plaintiffs' motion for summary judgment, Dkt. 82 , and the *Athens* Plaintiffs' motion for summary judgment, Dkt. 84 , and will GRANT Defendant's cross−motion for summary judgment, Dkt. 89 . A separate Order will issue. Signed by Judge Randolph D. Moss on 12/28/2018. (lcrdm2, ) (Entered: 12/28/2018) |
| 12/28/2018 | 106 | 147 | ORDER: For the reasons stated in the accompanying Memorandum Opinion, Dkt. 105 , it is hereby ORDERED that both the *Bakersfield* Plaintiffs' motion for summary judgment, Dkt. 82 , and the *Athens* Plaintiffs' motion for summary |

| | | |
|---|---|---|
| | | judgment, Dkt. 84 , are hereby DENIED. It is further ORDERED that Defendant's cross−motion for summary judgment, Dkt. 89 , is GRANTED. See document for details. Signed by Judge Randolph D. Moss on 12/28/2018. (lcrdm2, ) (Entered: 12/28/2018) |
| 01/28/2019 | | MINUTE ORDER: It is hereby ORDERED that the parties shall appear for a status conference at 2:00 p.m. on February 1, 2019, in Courtroom 21, to discuss Plaintiffs' motions for awarding interest, Dkt. 69 ; Dkt. 70 ; Dkt. 71 ; Dkt. 102 , in light of the Court's December 28, 2018 decision, Dkt. 105 , and to discuss any further issues requiring disposition in the consolidated litigation and in any related cases that have not been consolidated with this action. Signed by Judge Randolph D. Moss on 1/28/2019. (lcrdm1, ) (Entered: 01/28/2019) |
| 01/28/2019 | | Set/Reset Hearings: A Status Conference is set for 2/1/2019, at 2:00 PM, in Courtroom 21, before Judge Randolph D. Moss. (kt) (Entered: 01/28/2019) |
| 02/01/2019 | 107 | NOTICE of Appearance by Stephanie Ann Webster on behalf of SHANDS JACKSONVILLE MEDICAL CENTER, INC. (Webster, Stephanie) (Entered: 02/01/2019) |
| 02/01/2019 | | Minute Entry for proceedings held before Judge Randolph D. Moss: Status Conference held on 2/1/2019. Stay lifted on all stayed cases; Respective orders forthcoming. Defendant has 30 days to respond in those cases. Defendant will file the chart that was presented today to the court, by Friday. Defendant's briefing on the 1395(g) jurisdictional argument due by 2/15/2019; Any Responses due by 2/28/2019. (Court Reporter: Jeff Hook.) (kt) (Entered: 02/01/2019) |
| 02/05/2019 | 108 | TRANSCRIPT OF STATUS CONFERENCE before Judge Randolph D. Moss held on February 1, 2019. Page Numbers: 1 − 76. Date of Issuance: February 5, 2019. Court Reporter: Jeff Hook. Contact Information: 202−354−3373 / jeff_hook@dcd.uscourts.gov. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 2/26/2019. Redacted Transcript Deadline set for 3/8/2019. Release of Transcript Restriction set for 5/6/2019.(Hook, Jeff) (Entered: 02/05/2019) |
| 02/08/2019 | 109 | NOTICE *to the Court* by KATHLEEN SEBELIUS (Attachments: # 1 Exhibit)(Bensing, Daniel) (Entered: 02/08/2019) |

| 02/12/2019 | 110 | | MOTION for Extension of Time to *Appeal by Bakersfield and Athens Plaintiffs* by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER (Rubin, Lori) (Entered: 02/12/2019) |
| 02/14/2019 | 111 | | Memorandum in opposition to re 110 MOTION for Extension of Time to *Appeal by Bakersfield and Athens Plaintiffs by Akin Gump Plaintiffs* filed by ADIRONDACK HEALTH SERVICES, INC., ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., BAKERSFIELD MEMORIAL HOSPITAL, DIGNITY HEALTH, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC.. (Attachments: # 1 Text of Proposed Order)(Keough, Christopher) (Entered: 02/14/2019) |
| 02/15/2019 | 112 | | REPLY to opposition to motion re 110 MOTION for Extension of Time to *Appeal by Bakersfield and Athens Plaintiffs* filed by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA |

| | | | |
|---|---|---|---|
| | | | MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. (Rubin, Lori) (Entered: 02/15/2019) |
| 02/15/2019 | 113 | | MEMORANDUM re 70 MOTION for Order *of Interest Payments* filed by PARMA COMMUNITY GENERAL HOSPITAL, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, UH REGIONAL HOSPITALS, EMH ELYRIA MEDICAL CENTER, BAKERSFIELD HEART HOSPITAL, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, WILLIS−KNIGHTON MEDICAL CENTER, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, 71 MOTION for Order *Awarding Interest* filed by COMMUNITY HOSPITAL OF BRAZOSPORT, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, STATE UNIVERSITY OF IOWA, WESTCHESTER COUNTY HEALTH CORPORATION, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, MIDLAND COUNTY HOSPITAL DISTRICT, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, NORTHEAST GEORGIA MEDICAL CENTER, FAYETTE REGIONAL HEALTH SYSTEM, LUBBOCK COUNTY HOSPITAL DISTRICT, ATHENS REGIONAL MEDICAL CENTER INC, FLOYD HEALTHCARE MANAGEMENT, INC., MARTIN HEALTH SYSTEM, GWINNETT HOSPITAL SYSTEM INC, GUNDERSEN LUTHERAN MEDICAL CENTER, INC., OAKBEND MEDICAL CENTER, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, PARKVIEW MEDICAL CENTER, INC., COPLEY MEMORIAL HOSPITAL, 69 MOTION for Order *Awarding Interest* filed by MAT−SU VALLEY MEDICAL CENTER, LLC, SONORA COMMUNITY HOSPITAL, AURORA HEALTH CARE SOUTHERN LAKES, INC., AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, PORTLAND ADVENTIST MEDICAL CENTER, AURORA HEALTH CARE METRO, INC., DIGNITY HEALTH, PAYSON HOSPITAL CORPORATION, ALLINA HEALTH SYSTEM, ALTON MEMORIAL HOSPITAL, ALTA LOS ANGELES HOSPITALS, INC., WHITE MEMORIAL MEDICAL CENTER, FORT PAYNE HOSPITAL CORPORATION, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, SHANDS JACKSONVILLE MEDICAL CENTER, INC., FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, ADIRONDACK HEALTH SERVICES, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, AHMC MONTEREY PARK HOSPITAL LP, UKIAH ADVENTIST HOSPITAL, TRIAD OF ALABAMA, LLC, GADSDEN REGIONAL MEDICAL CENTER, LLC, ST. HELENA HOSPITAL, AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, QHG OF ENTERPRISE, INC., HANFORD COMMUNITY HOSPITAL, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, BULLHEAD CITY HOSPITAL CORPORATION, FEATHER RIVER HOSPITAL, BAYCARE AURORA, LLC, DELNOR−COMMUNITY |

| | | | |
|---|---|---|---|
| | | | HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., CRESTWOOD HEALTHCARE, L.P., ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, SAN JOAQUIN COMMUNITY HOSPITAL, NORTHWEST HOSPITAL, LLC, REEDLEY COMMUNITY HOSPITAL, WALLA WALLA GENERAL HOSPITAL, BAKERSFIELD MEMORIAL HOSPITAL, NATIONAL HEALTHCARE OF NEWPORT, INC., GREENVILLE HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, CENTRAL VALLEY GENERAL HOSPITAL, AURORA HEALTH CARE CENTRAL, INC., AFFINITY HOSPITAL, LLC, AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., GLENDALE ADVENTIST MEDICAL CENTER, ORO VALLEY HOSPITAL, LLC, CASTLE MEDICAL CENTER, AURORA MEDICAL CENTER OF OSHKOSH, INC., WEST ALLIS MEMORIAL HOSPITAL, INC., FOLEY HOSPITAL CORPORATION, CENTRAL DUPAGE HOSPITAL ASSOCIATION, ALEGENT CREIGHTON HEALTH, AURORA HEALTH CARE NORTH, INC., AHMC GARFIELD MEDICAL CENTER LP by KATHLEEN SEBELIUS. (Bensing, Daniel) (Entered: 02/15/2019) |
| 02/15/2019 | | | MINUTE ORDER: Upon consideration of the Bakersfield and Athens Plaintiffs' motion for extension of time to appeal, Dkt. 110 , it is hereby ORDERED that the motion is GRANTED. It is further ORDERED that the time for Plaintiffs to appeal in Civ. Nos. 14−263; 14−976; 14−1477; 14−503; 15−1793; 15−1800; 15−192; 16−32; 16−1543; 16−2301; 17−39; and 17−175 is hereby extended to March 28, 2019. Signed by Judge Randolph D. Moss on 2/15/2019. (lcrdm1, ) (Entered: 02/15/2019) |
| 02/19/2019 | | | Set/Reset Deadlines: The time for Plaintiffs to appeal in Civ. Nos. 14−263; 14−976; 14−1477; 14−503; 15−1793; 15−1800; 15−192; 16−32; 16−1543; 16−2301; 17−39; and 17−175 is hereby extended to 3/28/2019. (kt) (Entered: 02/19/2019) |
| 02/28/2019 | 114 | | RESPONSE re 113 Memorandum,,,,,,,,,,,,,,,,, filed by ADIRONDACK HEALTH SERVICES, INC., AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP(17−39), AHMC MONTEREY PARK HOSPITAL LP(14cv1477), AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC.(14cv1477), AURORA HEALTH CARE CENTRAL, INC.(17−39), AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL |

| | | | |
|---|---|---|---|
| | | | ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, GLENDALE ADVENTIST MEDICAL CENTER, HANFORD COMMUNITY HOSPITAL, PORTLAND ADVENTIST MEDICAL CENTER, REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 02/28/2019) |
| 03/15/2019 | 115 | 110 | MEMORANDUM OPINION AND ORDER: The Court GRANTS in part and DENIES in part Plaintiffs' motions for an order awarding interest, Dkt. 69 , Dkt. 70 , and Dkt. 71 . See document for details. Signed by Judge Randolph D. Moss on 3/15/2019. (lcrdm1, ) (Entered: 03/15/2019) |
| 03/15/2019 | | | MINUTE ORDER: Upon consideration of Plaintiffs' motion for order awarding interest, Dkt. 102 , the motion is hereby DENIED as moot in light of this Court's memorandum opinion and order, Dkt. 115 . Signed by Judge Randolph D. Moss on 3/15/2019. (lcrdm1, ) (Entered: 03/15/2019) |
| 03/18/2019 | | | MINUTE ORDER: In light of this Court's March 15, 2019 Memorandum Opinion and Order, Dkt. 115 , it is the Court's understanding that there are no remaining issues to be resolved in these consolidated matters. If any party would like to raise additional issues with the Court, that party shall file a status report outlining the remaining issues to be resolved on or before March 25, 2019. After March 25, 2019, the Court will promptly enter final judgment in each of the consolidated cases as to which no such further issues are identified and will direct the clerk of the court to terminate those cases. Signed by Judge Randolph D. Moss on 3/18/2019. (lcrdm1, ) (Entered: 03/18/2019) |
| 03/19/2019 | | | Set/Reset Deadlines: Status Report, if any, by individual parties, due by 3/25/2019. (kt) (Entered: 03/19/2019) |
| 03/25/2019 | 116 | | STATUS REPORT *concerning remaining issues* by ADIRONDACK HEALTH SERVICES, INC., AHMC ANAHEIM REGIONAL MEDICAL CENTER LP, AHMC GARFIELD MEDICAL CENTER LP, AHMC MONTEREY PARK HOSPITAL LP(17−39), AHMC MONTEREY PARK HOSPITAL LP(14cv1477), AHMC SAN GABRIEL VALLEY MEDICAL CENTER LP, AHMC WHITTIER HOSPITAL MEDICAL CENTER LP, ALBANY MEMORIAL HOSPITAL, ALEGENT CREIGHTON HEALTH, ALEGENT CREIGHTON HEALTH CREIGHTON UNIVERSITY MEDICAL CENTER, LLC, ALEGENT HEALTH − BERGAN MERCY HEALTH SYSTEM, ALEGENT HEALTH − IMMANUEL MEDICAL CENTER, ALHAMBRA HOSPITAL MEDICAL CENTER LP, ALLINA HEALTH SYSTEM, ALTA LOS ANGELES HOSPITALS, INC., ALTON MEMORIAL HOSPITAL, ATLANTICARE REGIONAL MEDICAL CENTER, INC., AURORA HEALTH CARE CENTRAL, INC.(14cv1477), AURORA HEALTH CARE CENTRAL, INC.(17−39), AURORA HEALTH CARE METRO, INC., AURORA HEALTH CARE NORTH, INC., AURORA HEALTH CARE SOUTHERN LAKES, INC., AURORA MEDICAL |

| | | | |
|---|---|---|---|
| | | | CENTER OF OSHKOSH, INC., AURORA MEDICAL CENTER OF WASHINGTON COUNTY, INC., BAKERSFIELD MEMORIAL HOSPITAL, BAYCARE AURORA, LLC, CASTLE MEDICAL CENTER, CENTRAL DUPAGE HOSPITAL ASSOCIATION, CENTRAL VALLEY GENERAL HOSPITAL, DELNOR−COMMUNITY HOSPITAL, DIGNITY HEALTH, FEATHER RIVER HOSPITAL, GLENDALE ADVENTIST MEDICAL CENTER, HANFORD COMMUNITY HOSPITAL, PORTLAND ADVENTIST MEDICAL CENTER, REEDLEY COMMUNITY HOSPITAL, SAN JOAQUIN COMMUNITY HOSPITAL, SHANDS JACKSONVILLE MEDICAL CENTER, INC., SHANDS TEACHING HOSPITAL AND CLINICS, INC., SIMI VALLEY HOSPITAL & HEALTH CARE SERVICES, SONORA COMMUNITY HOSPITAL, ST. HELENA HOSPITAL, UKIAH ADVENTIST HOSPITAL, WALLA WALLA GENERAL HOSPITAL, WEST ALLIS MEMORIAL HOSPITAL, INC.(14cv1477), WHITE MEMORIAL MEDICAL CENTER. (Roth, Robert) (Entered: 03/25/2019) |
| 03/28/2019 | 117 | 107 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 115 Memorandum & Opinion, 106 Order, by ATHENS REGIONAL MEDICAL CENTER INC, BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, COMMUNITY HOSPITAL OF BRAZOSPORT, COPLEY MEMORIAL HOSPITAL, FAYETTE REGIONAL HEALTH SYSTEM, FLOYD HEALTHCARE MANAGEMENT, INC., GUNDERSEN LUTHERAN MEDICAL CENTER, INC., GWINNETT HOSPITAL SYSTEM INC, LUBBOCK COUNTY HOSPITAL DISTRICT, MARTIN HEALTH SYSTEM, MEDICAL CENTER OF CENTRAL GEORGIA, INC., MERCY HOSPITAL, IOWA CITY, IOWA, MIDLAND COUNTY HOSPITAL DISTRICT, NORTHEAST GEORGIA MEDICAL CENTER, OAKBEND MEDICAL CENTER, PARKVIEW MEDICAL CENTER, INC., RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES, STATE UNIVERSITY OF IOWA, SWEDISHAMERICAN HOSPITAL, UNIVERSITY OF KANSAS HOSPITAL AUTHORITY, WESTCHESTER COUNTY HEALTH CORPORATION. Filing fee $ 505, receipt number 0090−6028680. Fee Status: Fee Paid. Parties have been notified. (Polston, Mark) (Entered: 03/28/2019) |
| 03/28/2019 | 118 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 115 Memorandum & Opinion, 106 Order, by CAMC TEAYS VALLEY HOSPITAL, INC., CARILION FRANKLIN MEMORIAL HOSPITAL, CARILION MEDICAL CENTER, CARILION NEW RIVER VALLEY MEDICAL CENTER, CARILION TAZEWELL COMMUNITY HOSPITAL, ADVENTIST BOLINGBROOK HOSPITAL, ADVENTIST GLENOAKS HOSPITAL, ADVENTIST HEALTH SYSTEM GEORGIA, INC., ADVENTIST HEALTH SYSTEM−SUNBELT, INC., ADVENTIST HINSDALE HOSPITAL, CHARLESTON AREA MEDICAL CENTER, INC., FLETCHER HOSPITAL, INC., FLORIDA HOSPITAL WATERMAN, INC., FLORIDA HOSPITAL ZEPHYRHILLS, INC., HENRY FORD HEALTH SYSTEM, IHC HEALTH SERVICES, INC., JELLICO COMMUNITY HOSPITAL, MEMORIAL HEALTH SYSTEMS, INC., MEMORIAL HOSPITAL FLAGLER, INC., MEMORIAL HOSPITAL, INC., MEMORIAL HOSPITAL−WEST VOLUSIA, INC., METROPLEX ADVENTIST HOSPITAL, INC., |

| | | | |
|---|---|---|---|
| | | | PASCO−PINELLAS HILLSBOROUGH COMMUNITY HEALTH SYSTEM, INC., PORTERCARE ADVENTIST HEALTH SYSTEM d/b/a PORTER ADVENTIST HOSPITAL, SHAWNEE MISSION MEDICAL CENTER, INC., SOUTHWEST VOLUSIA HEALTHCARE CORPORATION, TAKOMA REGIONAL HOSPITAL, INC., TARPON SPRINGS HOSPITAL FOUNDATION, INC., TEXAS HEALTH HUGULEY, INC., UNIVERSITY COMMUNITY HOSPITAL, INC.. Filing fee $ 505, receipt number 0090−6028695. Fee Status: Fee Paid. Parties have been notified. (Polston, Mark) (Entered: 03/28/2019) |
| 03/28/2019 | 119 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 115 Memorandum & Opinion, 106 Order, by FLOWER MOUND HOSPITAL PARTNERS, LLC, PHYSICIANS MEDICAL CENTER, LLC, ROCKWALL REGIONAL CENTER, LLC, SOUTHLAKE SPECIALTY HOSPITAL, LLC. Filing fee $ 505, receipt number 0090−6028717. Fee Status: Fee Paid. Parties have been notified. (Polston, Mark) (Entered: 03/28/2019) |
| 03/28/2019 | 120 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 105 Memorandum & Opinion, 115 Memorandum & Opinion, 106 Order, by AFFINITY HOSPITAL, LLC, BAKERSFIELD HEART HOSPITAL, BULLHEAD CITY HOSPITAL CORPORATION, CENTRE HOSPITAL CORPORATION, CRESTWOOD HEALTHCARE, L.P., EMH ELYRIA MEDICAL CENTER, FOLEY HOSPITAL CORPORATION, FORREST CITY ARKANSAS HOSPITAL COMPANY, LLC, FORT PAYNE HOSPITAL CORPORATION, GADSDEN REGIONAL MEDICAL CENTER, LLC, GREENVILLE HOSPITAL CORPORATION, LOUISIANA MEDICAL CENTER AND HEART HOSPITAL, MAT−SU VALLEY MEDICAL CENTER, LLC, NATIONAL HEALTHCARE OF NEWPORT, INC., NORTHWEST ARKANSAS HOSPITALS, LLC, NORTHWEST HOSPITAL, LLC, ORO VALLEY HOSPITAL, LLC, PARMA COMMUNITY GENERAL HOSPITAL, PAYSON HOSPITAL CORPORATION, QHG OF ENTERPRISE, INC., SILOAM SPRINGS ARKANSAS HOSPITAL COMPANY, LLC, TRIAD OF ALABAMA, LLC, UH REGIONAL HOSPITALS, UNIVERSITY HOSPITALS AHUJA MEDICAL CENTER, UNIVERSITY HOSPITALS CASE MEDICAL CENTER, UNIVERSITY HOSPITALS GEAUGA MEDICAL CENTER, WILLIS−KNIGHTON BOSSIER HEALTH CENTER, WILLIS−KNIGHTON MEDICAL CENTER. Filing fee $ 505, receipt number 0090−6028818. Fee Status: Fee Paid. Parties have been notified. (Rubin, Lori) (Entered: 03/28/2019) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ATHENS REGIONAL MEDICAL CENTER INC, et al.,

Plaintiffs,

v.

ALEX M. AZAR II[*], in his official capacity as Secretary of Health and Human Services,

Defendant.

Case No. 1:14-cv-00503-EGS
(Cons. No. 1:14-cv-00263-RDM)

## CIVIL NOTICE OF APPEAL

Notice is hereby given that Plaintiffs ATHENS REGIONAL MEDICAL CENTER INC; BOARD OF TRUSTEES OF NORTH KANSAS CITY HOSPITAL, d/b/a NORTH KANSAS CITY HOSPITAL; CHATTANOOGA HAMILTON COUNTY HOSPITAL AUTHORITY, d/b/a ERLANGER MEDICAL CENTER; COMMUNITY HOSPITAL OF BRAZOSPORT, d/b/a BRAZOSPORT REGIONAL HEALTH SYSTEM; COPLEY MEMORIAL HOSPITAL; FAYETTE REGIONAL HEALTH SYSTEM, d/b/a UNIONTOWN HOSPITAL; FLOYD HEALTHCARE MANAGEMENT, INC., d/b/a FLOYD MEDICAL CENTER; GUNDERSEN LUTHERAN MEDICAL CENTER, INC.; GWINNETT HOSPITAL SYSTEM INC; LUBBOCK COUNTY HOSPITAL DISTRICT, d/b/a UNIVERSITY MEDICAL CENTER; MARTIN HEALTH SYSTEM, d/b/a MARTIN MEMORIAL MEDICAL CENTER; MEDICAL CENTER OF CENTRAL GEORGIA, INC.; MERCY HOSPITAL, IOWA CITY, IOWA; MIDLAND COUNTY HOSPITAL DISTRICT, d/b/a MIDLAND MEMORIAL HOSPITAL; NORTHEAST GEORGIA MEDICAL CENTER; OAKBEND MEDICAL CENTER; PARKVIEW MEDICAL CENTER, INC.; RECTOR AND VISITORS OF THE UNIVERSITY OF VIRGINIA, d/b/a UNIVERSITY OF VIRGINIA MEDICAL CENTER; REGIONAL MEDICAL CENTER OF ORANGEBURG AND CALHOUN COUNTIES; RIVERSIDE MEDICAL CENTER; STATE UNIVERSITY OF IOWA, d/b/a UNIVERSITY OF IOWA HOSPITALS AND CLINICS; SWEDISHAMERICAN HOSPITAL; UNIVERSITY OF KANSAS HOSPITAL AUTHORITY;

---

[*] On January 29, 2018, Alex M. Azar II became Secretary of Health and Human Services. *See* Fed. R. App. P. 43(c)(2) (providing for automatic substitution when a public officer sued in his official capacity ceases to hold the office at issue).

1

and WESTCHESTER COUNTY HEALTH CORPORATION, d/b/a WESTCHESTER MEDICAL CENTER appeal to the United States Court of Appeals for the District of Columbia Circuit from the orders of this Court entered on December 28, 2018 (Dkt. 106), and March 15, 2019 (Dkt. 115).

Respectfully submitted,

/s/ Mark D. Polston

Mark D. Polston
  D.C. Bar No. 431233
Daniel J. Hettich
  D.C. Bar No. 1975262
Marisa Maleck
  D.C. Bar. No. 1015210
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, D.C. 20006
Telephone:  (202) 737-0500
Facsimile:  (202) 626-3737
mpolston@kslaw.com

*Counsel for Plaintiffs*

Dated: March 28, 2019

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/  Mark D. Polston
KING & SPALDING LLP

SHANDS JACKSONVILLE MEDICAL
CENTER, INC., *et al.*,

        *Plaintiffs*,

    v.

ALEX AZAR, Secretary, U.S. Department of
Health and Human Services,

        *Defendant.*

Civil Action No. 14-263 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs—over a thousand hospitals—brought these consolidated cases to challenge a regulation promulgated by the Secretary of Health and Human Services that imposed a 0.2 percent, across-the-board reduction in the inpatient prospective payment system rates used to compensate hospitals under the Medicare program. After a prior decision by this Court remanding the matter for further administrative proceedings, *see Shands Jacksonville Med. Ctr. v. Burwell*, 139 F. Supp. 3d 240 (D.D.C. 2015) ("*Shands I*"); the Secretary's decision on remand to abandon the 0.2 percent rate adjustment, *see* Medicare Program, Hospital Inpatient Prospective Payment Systems for Acute Care Hospitals and the Long-Term Care Hospital Prospective Payment System and Proposed Policy Changes and Fiscal Year 2017 Rates, 81 Fed. Reg. 56,762 (Aug. 22, 2016) ("FY 2017 Rule"); and a further decision by this Court upholding the Secretary's actions on remand, *see Shands Jacksonville Med. Ctr. v. Azar*, ___ F. Supp. 3d ___, 2018 WL 6831167 (Dec. 28, 2018) ("*Shands II*"), all that remains for resolution are three motions seeking the award of interest on the amount in controversy for FYs 2014–2016. Dkt. 69, Dkt. 70, Dkt. 71.

The first of these motions is brought on behalf of those plaintiffs represented by Hooper, Lundy & Bookman, P.C. and Akin Gump Strauss Hauer & Feld, LLP ("Hooper and Akin Plaintiffs");[1] the second on behalf of those plaintiffs represented by Foley & Lardner, LLP ("Foley & Lardner Plaintiffs");[2] and the third on behalf of those plaintiffs represented by King & Spalding LLP ("*Athens* Plaintiffs").[3] All three groups (collectively "Plaintiffs") contend that they are "prevailing parties" within the meaning of 42 U.S.C. § 1395oo(f)(2) and, as a result, are entitled to interest for each of the three fiscal years at issue. The Hooper and Akin Plaintiffs also argue that, should the Court conclude that they are not entitled to interest under 42 U.S.C. § 1395oo(f)(2) for any of the years at issue, the Court should direct the Secretary to award interest pursuant to another provision of the Medicare statute, 42 U.S.C. § 1395g(d).

In response, the Secretary agrees that *some* interest is due and, indeed, represented on remand that the "hospitals that are party to . . . *Shands Jacksonville Medical Center, Inc. v. Burwell*, No. 14-263 (D.D.C.)" or to any other case challenging the 0.2 percent rate reduction that was pending on the date the final FY 2017 Rule issued—August 2, 2016—"should receive

---

[1] Hospitals represented by Akin Gump Strauss Hauer & Feld, LLP include all plaintiffs in the following cases: *Shands Jacksonville Med. Ctr., Inc. v. Sebelius*, Civ. No. 14-263; *Dignity Health v. Sebelius*, Civ. No. 14-536; *Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 15-1150; and *Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 16-2484. Hospitals represented by Hooper, Lundy & Bookman, P.C. include all plaintiffs in the following cases: *St. Helena Hosp. v. Burwell*, Civ. No. 14-1477; *Long Beach Mem'l Med. Ctr. v. Burwell*, Civ. No. 15-1601; *St. Helena Hosp. v. Burwell*, Civ. No. 16-30; and *St. Helena Hosp. v. Burwell*, Civ. No. 17-39. *See* Dkt. 69 at 1 n.1.

[2] The Foley & Lardner Plaintiffs include the *Bakersfield Heart Hospital v. Cochran*, Civ. No. 14-976; *Shannon Medical Center v. Cochran*, Civ. No. 15-1800; *Asante Rouge Valley Medical Center v. Cochran*, Civ. No. 16-0032; and *Palmerton Hospital-Carbon v. Cochran*, Civ. No. 16-1543. *See* Dkt. 72 at 1 n.1.

[3] This is the same group of plaintiffs, from *Athens Reg'l Med. Ctr. v. Burwell*, Civ. No. 14-503, that challenged the Secretary's actions on remand in *Shands II*.

interest under" 42 U.S.C. § 1395oo(f)(2).  FY 2017 Rule, 81 Fed. Reg. at 57,060; *see also* Dkt. 72 at 12–13.  But the Secretary opposes the award of interest to the extent the specific hospital did not have a challenge to its Medicare payment rate for the specific fiscal year at issue pending on the day the FY 2017 Rule, granting them relief from the 0.2 percent reduction, was promulgated.  *See* Dkt. 72 at 12–14.  That cutoff makes a difference because, on that day, August 2, 2016, not all of the plaintiff-hospitals had challenges pending with respect to each of the three fiscal years at issue; some, for example, had challenges pending before this Court with respect to their FY 2014 and FY 2015 inpatient prospective payment system rate determinations, but no equivalent challenges with respect to FY 2016.  The Secretary further contends that 42 U.S.C. § 1395g(d) does not accord the relief that the Hooper and Akin Plaintiffs seek and, albeit belatedly, also argues that the Court lacks jurisdiction to consider their § 1395g(d) claim because it was not presented to the Secretary or exhausted through available administrative processes.

As explained below, the Court agrees with the parties that those hospitals that had challenges with respect to a given fiscal year pending before this Court on or before August 2, 2016 are entitled to an award of interest pursuant to § 1395oo(f)(2) for that fiscal year.  Section § 1395oo(f)(2), however, does not support an award of interest to those hospitals that did not have a challenge to the relevant fiscal year pending on that date.  Finally, the Court is unpersuaded by the Hooper and Akin Plaintiffs' alternative theory because, unlike § 1395oo(f)(2), *see Tucson Med. Ctr. v. Sullivan*, 947 F.2d 971, 981 (D.C. Cir. 1991) (hereinafter "*Tucson*"), § 1395g(d) does not authorize the judiciary, in the first instance, to award interest to a prevailing party; the statute, instead, imposes the payment obligation on the Secretary.  Because the Hooper and Akin Plaintiffs never requested payment from the Secretary under § 1395g(d), there is no administrative determination for the Court to review.

3

The Court will, accordingly, **GRANT** in part and **DENY** in part Plaintiffs' motions for an award of interest.

## I. BACKGROUND

### A. Statutory and Regulatory Background

#### 1. *Medicare Prospective Payment System*

The federal Medicare program provides health insurance to the aged, blind, and disabled under Title XVIII of the Social Security Act. 42 U.S.C. § 1395 *et seq*. Medicare consists of five parts, two of which are relevant here: Part A covers inpatient hospital services, *id*. § 1395d(a)(1), and Part B covers services not covered by Part A, including hospital outpatient services and visits to a doctor, *id*. §§ 1395j–1395w. *See generally Ne. Hosp. Corp. v. Sebelius*, 657 F.3d 1, 2 (D.C. Cir. 2011). The Secretary administers the program through the Centers for Medicare and Medicaid Services ("CMS"). "Prior to October 1983, Medicare reimbursements [to hospitals] were based on the 'reasonable costs' of inpatient services furnished to Medicare patients." *Methodist Hosp. of Sacramento v. Shalala*, 38 F.3d 1225, 1227 (D.C. Cir. 1994) (quoting 42 U.S.C. § 1395f(b)). In 1983, however, Congress "completely revised the scheme for reimbursing Medicare hospitals," establishing the Prospective Payment System, which "relies on prospectively fixed rates for each category of treatment rendered." *Id.*

"The Inpatient Prospective Payment System—or 'IPPS'—compensates hospitals based on the number of patients they discharge and each patient's primary diagnosis at that time." *Shands II*, 2018 WL 6831167, at *3; *see also* 42 U.S.C. § 1395ww(d)(3)(D)(iii). One important element used in calculating the applicable payment rate is the "standardized amount," which is set each year by CMS, acting on behalf of the Secretary. *See* 42 U.S.C. § 1395ww(d)(3). "Roughly speaking, the standardized amount represents the average per-patient operating costs across all hospitals, *see* 42 C.F.R. § 412.64, modified to account for various economic and other

4

factors." *Shands I*, 139 F. Supp. 3d at 244. The statute prescribes the calculation of the standardized amount in detail, mandating that the rate for a given fiscal year "is equal to" an amount calculated by the Secretary based on specific determinations that the Secretary "shall" make. 42 U.S.C. §§ 1395ww(d)(1), (3). "CMS does not calculate the standardized amount from scratch each year." *Cape Cod Hosp. v. Sebelius*, 630 F.3d 203, 205 (D.C. Cir. 2011). Rather, CMS "calculated the standardized amount for a base year and has since carried that figure forward, updating it annually for inflation." *Id*.; *see also* 42 U.S.C. §§ 1395ww(b)(3)(B)(i), (d)(2), (d)(3)(A)(iv)(II); 42 C.F.R. §§ 412.64(c)–(d).

CMS then applies "various statutory adjustments" to the standardized amount. *Shands II*, 2018 WL 6831167, at *3. For example, to account for the fact that costs of labor vary across the country, CMS "determines the proportion of the standardized amount attributable to wages and wage-related costs and then multiplies that labor-related proportion by a 'wage index' that reflects 'the relation between the local average of hospital wages and the national average of hospital wages.'" *Cape Cod Hosp.*, 630 F.3d at 205. The statute also grants the Secretary authority to establish other appropriate adjustments and exceptions by regulation. 42 U.S.C. § 1395ww(d)(5)(I).

2.     *Judicial Review of Rate Determinations*

Medicare providers submit annual cost reports to "[M]edicare administrative contractors," previously referred to as "fiscal intermediaries," which determine the total payment due the provider for the period covered by the report and issue "a written notice reflecting the contractor's final determination." 42 C.F.R. § 405.1803(a); *see also* 42 U.S.C. § 1395h(a); 42 C.F.R. § 405.1801. For hospitals "that receive[] payments for inpatient hospital services under the prospective payment system . . . , the contractor must include in the notice [1] its determination of the total amount of the payments due the hospital under that system for the cost

<div align="center">5</div>

reporting period covered by the notice" and [2] its explanation regarding "any difference in the amount determined to be due, and the amounts received by the hospital during the cost reporting period covered by the notice." 42 C.F.R. §405.1803(a)(2). The notice must also include "appropriate references to law, regulations, CMS Rulings, or program instructions to explain why the contractor's determination of the amount of program reimbursement for the period differs from the amount the provider claimed." *Id*. § 405.1803(b).

A hospital may appeal a contractor's final determination to the Provider Reimbursement Review Board ("PRRB"). *See* 42 U.S.C. § 1395oo(a). If dissatisfied with the PRRB's final decision regarding the contractor's determination, a provider may "obtain judicial review" of that decision by commencing a civil action within 60 days. 42 U.S.C. § 1395oo(f)(1). When a provider challenges the validity of a regulation, which the Medicare administrative contractor merely applied in the process of determining the total payment due to the provider, the relevant process is somewhat different. Because the PRRB is bound by the Department's regulations, *see* 42 C.F.R. § 405.1867, it cannot adjudicate a challenge to the validity of a regulation. To obtain judicial review in those circumstances, the provider may seek a determination by the PRRB that the PRRB "is without authority to decide the question," and the PRRB may then grant expedited judicial review ("EJR"), allowing the provider to commence a civil action "within sixty days of the date on which notification of such determination is received." 42 U.S.C. §1395oo(f)(1). If the PRRB grants EJR, that "determination shall be considered [the] final decision" of the Department. *Id.* A provider that seeks judicial review and "prevail[s]" is entitled an "annual interest" on "the amount in controversy." 42 U.S.C. § 1395oo(f)(2).

6

**B.** **Procedural History**

1. *0.2 Percent Rate Reduction and 2-Midnight Rule*

The roots of the present dispute stretch back to the Secretary's decision in FY 2014 to modify the rules used to determine when a Medicare beneficiary should be admitted for inpatient care. "Although the payments that the Medicare program makes vary depending on whether a Medicare beneficiary is treated on an 'inpatient' or an 'outpatient' basis, the Medicare Act does not define either term and does not 'specify when inpatient admission is appropriate.'" *Shands II*, 2018 WL 6831167, at *3 (internal citation omitted). Prior to FY 2014, CMS "advised physicians to 'use a 24-hour period as a benchmark,'" along with several other factors, "and to 'order [inpatient] admission for patients who are expected to need hospital care for 24 hours or more.'" *Shands I*, 139 F. Supp. 3d at 245 (alteration in original) (quoting Medicare Benefit Policy Manual, CMS Pub. 100–02, Ch. 1, § 10 (2003)). Over time, the Secretary became concerned that this approach—considering the length of stay as only one factor in whether to admit a Medicare beneficiary for inpatient care—"engendered provider uncertainty and 'considerable variation' in billing decisions." *Shands II*, 2018 WL 6831167 at *3 (quoting Medicare Program, Hospital Inpatient Prospective Payment Systems for Acute Care Hospitals and the Long-Term Care Hospital Prospective Payment System and Proposed Fiscal Year 2014 Rates, 78 Fed. Reg. 27,486, 27,648 (proposed May 10, 2013) ("FY 2014 Proposed Rule")).

To clarify the standard for inpatient status, the Secretary proposed the "2-midnight policy," under which, "in addition to services designated . . . as inpatient only," other services "would be generally appropriate for inpatient hospital payment under Medicare Part A when the physician expects the patient to require a stay that crosses at least 2 midnights and admits the patient to the hospital upon that expectation." FY 2014 Proposed Rule, 78 Fed. Reg. at 27,648. Moreover, because the Department's actuaries estimated that the 2-midnight policy would result

7

in a net utilization shift of 40,000 "encounters" from outpatient to inpatient status, and because inpatient "encounters" typically cost the Medicare program more than outpatient "encounters," the Secretary proposed to offset the additional cost by using her "exceptions and adjustments" authority, 42 U.S.C. § 1395ww(d)(5)(I)(i), to adopt a 0.2 percent reduction to the "the operating IPPS standardized amount, the hospital-specific rates, and the Puerto Rico-specific standardized amount." FY 2014 Proposed Rule, 78 Fed. Reg. at 27,649–51. The 0.2 percent amount was premised on the estimation of the Department's actuaries that, because of this anticipated utilization shift, adoption of the 2-midnight policy would result in "an estimated cost of $220 million to the Medicare program." *Shands I*, 139 F. Supp. 2d at 243.

Commenters objected to the proposed 0.2 percent rate adjustment "on multiple grounds, including the Secretary's failure to explain or to support the methodology the Department's actuaries employed to conclude that replacing the 24-hour benchmark with the 2-midnight policy would lead to a net decrease in IPPS encounters." *Shands II*, 2018 WL 6831167, at *4. Despite these objections, the Secretary adopted the 0.2 percent rate reduction in the final FY 2014 Rule. Medicare Program, Hospital Inpatient Prospective Payment Systems for Acute Care Hospitals and the Long-Term Care Hospital Prospective Payment System and Proposed Policy Changes and Fiscal Year 2014 Rates, 78 Fed. Reg. 50,496, 50,953–54 (Aug. 19, 2013) ("FY 2014 Rule"). Multiple groups of hospitals timely challenged the rate reduction before the PRRB, which concluded that it lacked authority to decide the legal question presented and, accordingly, granted the hospitals' "request[s] for expedited judicial review for the issue and the subject year [FY 2014]." JA 1–7, 27–33, 52–58, 61–68, 70–76, 79–85, 90–98, 100–08, 110–18, 120–26; Dkt. 23-1 at 22 n.4.

2.    *Shands I*

Over a thousand hospitals then brought multiple lawsuits in this Court challenging the FY 2014 Rule under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq*. *See Shands I*, 139 F. Supp. 3d at 250 (listing cases). Among other things, the plaintiffs in those actions argued that the Secretary lacked statutory authority to adopt the rate reduction; that the Secretary adopted the FY 2014 Rule in violation of the procedural requirements of the APA; and that the 0.2 percent rate reduction was arbitrary and capricious. The Court rejected the challenge to the Secretary's statutory "exceptions and adjustment" authority and declined to reach their arbitrary and capricious challenge, but held that the Secretary adopted the FY 2014 Rule in violation of the APA because she failed to disclose important information about the methodology the Department's actuaries applied. *Shands I*, 139 F. Supp. 3d at 263. As the Court explained, "the Secretary's failure to disclose the critical assumptions relied upon by the HHS actuaries deprived Plaintiffs and other members of the public of a meaningful opportunity to comment on the proposed 0.2 percent reduction." *Id*. The Court, accordingly, remanded the matter (without vacatur) to allow the Secretary to identify the assumptions the Department's actuaries applied and to provide an opportunity for meaningful public comment. *Id.* at 266–71.

3.    *Actions on Remand*

On remand, the Secretary published a notice describing the assumptions that the Department's actuaries used in calculating the "utilization shift" and invited public comment. *See* Medicare Program; Inpatient Prospective Payment Systems; 0.2 Percent Reduction, 80 Fed. Reg. 75,107 (Dec. 1, 2015) ("December 2015 Notice"). "By April 2016, however, the Department's confidence in the 0.2 percent rate reduction had waned," and the Secretary issued a proposed rule that would remove the adjustment going forward beginning in FY 2017 and that would address the effects of the 0.2 percent reductions for FYs 2014, 2015,

9

and 2016 by adopting a one-time 0.6 percent rate increase for FY 2017. *Shands II*, 2018 WL 683117 at * 7. The Secretary explained that, although the Department "generally do[es] not believe it is appropriate in a prospective system," like the IPPS, "to retrospectively adjust rates even where . . . a prospective change in policy is warranted," she was proposing the 0.6 percent adjustment in light of this Court's remand order in *Shands I*. *Id.* (alteration in original).

After providing an opportunity for public comment on this new proposal, the Department finalized the rule, including the one-time 0.6 percent rate increase. *See* FY 2017 Rule, 81 Fed. Reg. 56,762. Of particular relevance to the motions now pending before the Court, a number of commenters objected that the proposed 0.6 percent rate adjustment would "not compensate hospitals that are party to the lawsuit for interest and/or all hospitals for the time value of money." *Id*. at 57,060. In the final rule, the Secretary responded as follows:

> We will not contest that hospitals that are party to . . . *Shands Jacksonville Medical Center, Inc. v. Burwell*, No. 14-263 (D.D.C.) and other currently pending cases that challenge the -0.2 percent adjustment should receive interest under [42 U.S.C. § 1395oo(f)(2)]. For these hospitals, we will slightly increase the 1.006 factor by a uniform factor consistent with the interest used for this purpose in effect for the relevant time periods for paying interest. We disagree with commenters who indicated that we should pay all hospitals interest or for the time value of money.

*Id.*

### 4. *Shands II*

The matter then returned to this Court, where two groups of plaintiffs raised distinct challenges to the Secretary's actions on remand.

The first group—the "*Bakersfield* Plaintiffs"—argued that the Court in *Shands I* remanded the matter to the Secretary to provide her with an opportunity to cure the FY 2014 Rule's deficiencies and, because the FY 2017 Rule was "only 'forward-looking' and did not 'repeal, amend, or supersede the FY 2014 Rule,'" it was not "legally sufficient to remedy the

APA violation." *Shands II*, 2018 WL 6831167, at *2 (internal citation omitted); *see also id*. at *9. The *Bakersfield* Plaintiffs also argued in their reply brief that the FY 2017 Rule—in which the Secretary addressed the effects of the rate reduction adopted in FY 2014—was "not currently before the Court and that, as a result, the Court lack[ed] jurisdiction to consider whether the '0.6 percent positive adjustment' adopted in that rulemaking 'was an appropriate response to the botched FY 2014 rulemaking.'" *Id*. at *9 (internal citation omitted). The Court was unpersuaded on both counts. On the merits, the Court concluded that the Secretary did precisely what she was required to do by the Court's remand order: she explained the actuaries' methodology, provided an opportunity for meaningful public comment on that methodology, and considered—in light of those comments and other developments—whether her prior decision was sound. *Id*. at *10. The fact that the Secretary decided to abandon the rate adjustment, and to "address" the application of the 0.2 percent rate decreases in FYs 2014, 2015, and 2016 through a one-time 0.6 percent rate increase for FY 2017, was not contrary to any law identified by the *Bakersfield* Plaintiffs. *Id*. at *11–*13. Finally, the Court concluded that it had jurisdiction to consider the FY 2017 Rule to the extent it addressed any underpayments for FYs 2014, 2015, and 2016, even though no party had yet brought a challenge to the FY 2017 rates through the PRRB process. *Id*. at *15–*16. As the Court explained, it had remanded the matter for further proceedings and, to the extent the Secretary addressed deficiencies in the FY 2014 Rule in the context of the FY 2017 rulemaking, the Secretary's actions were properly before the Court. *Id*. at *16.

The second group of hospitals—the "*Athens* Plaintiffs"— "acknowledge[d] that the Secretary took a step in the right direction [with the FY 2017 Rule] by adopting the 0.6 percent rate increase," but argued that the Department did not go far enough. *Id*. at *2. They argued that

data before the Department showed not only that "the Secretary erred in hypothesizing that the 2-midnight rule would result in a net increase in inpatient encounters," but actually "showed that the 2-midnight rule would decrease inpatient encounters and would, accordingly, decrease Medicare payments to hospitals." *Id*. As a result, they argued that the Secretary should have adopted an across-the-board rate *increase* to compensate hospitals for the reduced payments, and that the Secretary's failure to consider their comments to that effect violated the APA. *Id*. The Court was, again, unpersuaded. As the Court explained: "In light of (1) the absence of any statutory command that the Secretary ensure budget neutrality; (2) the fact that the Secretary did not 'recognize[] that basic principles of budget neutrality require ensuring that hospitals be adequately compensated for the financial impact of the two-midnight policy,' . . . and (3) the '[e]xtremely narrow' scope of review applicable to the Secretary's 'refusal' to grant an exception or adjustment under 42 U.S.C. § 1395ww(d)(5)(I)(i)," the *Athens* Plaintiffs' challenge lacked merit. *Id*. at *21 (alterations in original). The Court further concluded, moreover, that the Secretary could "hardly be faulted for failing to respond in detail to comments regarding an action that [she] never proposed." *Id.*

## II. DISCUSSION

All that remains before the Court are three motions filed by different sets of plaintiffs seeking awards of interest. All three sets of plaintiffs seek an award of interest pursuant to 42 U.S.C. § 1395oo(f)(2) for FYs 2014–16. One set of plaintiffs argues that, to the extent they are not entitled to interest under § 1395oo(f)(2) for any of the three fiscal years at issue, they are entitled to interest (at a higher rate) under 42 U.S.C. § 1395g(d), a provision that directs the Secretary to collect or to pay interest on certain over- or under-payments. Dkt. 69-1 at 6. The Secretary does not dispute that those plaintiffs who had claims pending before this Court with

respect to a given fiscal year on August 2, 2016—the day the FY 2017 Rule was finalized—are entitled to interest under 42 U.S.C. § 1395oo(f)(2) for that fiscal year.[4]  Dkt. 72 at 12–13.  He disagrees, however, that interest is due under § 1395oo(f)(2) for any fiscal year for which the provider did not have a case pending on August 2, 2016, and he disagrees that § 1395g(d) has any bearing on the present dispute or that the Hooper and Akin Plaintiffs' § 1395g(d) argument is properly before the Court.  *Id*. at 13, 15–16.

As explained below, the Court concludes that each plaintiff-hospital is entitled to an award of interest pursuant to § 1395oo(f)(2) for each fiscal year for which it had a challenge pending before this Court on August 2, 2016.  In all other respects, however, Plaintiffs are not entitled to an order compelling the Secretary to pay interest pursuant to § 1395oo(f)(2) or § 1395g(d).

## A.      Claims Pending on August 2, 2016

To start, all agree that Plaintiffs are entitled to an award of interest for each fiscal year for which the provider at issue had a claim pending before this Court on August 2, 2016.  That consensus invites the question whether at least that portion of Plaintiffs' claim to interest presents a case or controversy with sufficient adversity to sustain this Court's Article III jurisdiction.  *See Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 669 (2016) ("[A]n actual controversy [must] be extant at all stages of review, not merely at the time the complaint is filed.") (citation omitted); *see also Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").  The Court concludes that it does.

---

[4]   Although the Federal Register notice announcing the final rule was published on August 22, 2016, FY 2017 Rule, 81 Fed. Reg. at 56,762, the Secretary represents that the final rule was published on the Federal Register's website on August 2, 2016.  *See* Dkt. 72 at 7 n.2.

Over two-and-a-half years have now passed since August 2, 2016, when the Secretary agreed to pay interest on those claims, and the Secretary has yet to pay any portion of the interest Plaintiffs seek. That omission, moreover, is not for want of effort by Plaintiffs. To the contrary, at least one set of Plaintiffs has filed a motion seeking the interim payment of interest for these claims, Dkt. 102, and the Secretary has opposed that motion, Dkt. 103. Nor is it evident that the Secretary is prepared to make payment as soon as this Court decides the pending motions. Rather, at the last status conference, counsel for the United States represented that the Secretary will not make payment until the "case is finally over and definitive, and until the appeal time has run and we know there's not going to be an appeal." Dkt. 108 at 14 (Hrg. Tr.). Although counsel did not expressly address whether the Secretary is prepared to pay interest if there *is* "going to be an appeal," his assertion, at the very least, casts doubt on that prospect.

Under these circumstances, the Court concludes that Plaintiffs' application for interest for those years that the Secretary has committed—at least in theory—to pay continues to present a live case or controversy. Quoting a 1908 Supreme Court decision, the D.C. Circuit explained in *Tucson* that, if a case or controversy exists at the time suit is filed,

> [i]t is not necessary that the defendant should controvert or dispute the claim. It is sufficient that he does not satisfy it. It might be that he could not truthfully dispute it, and yet, if from inability, or, mayhap, from indisposition, he fails to satisfy it, it cannot be that because the claim is not controverted the Federal court has no jurisdiction of action brought to enforce it. Jurisdiction does not depend upon the fact that the defendant denies existence of the claim made, or its amount or validity. If it were otherwise, then the circuit court would have no jurisdiction if the defendant simply admitted his liability and the amount thereof as claimed, although not paying or satisfying the debt.

947 F.2d at 979 (quoting *In re Reisenberg*, 208 U.S. 90, 108 (1908)). That principle governs here. The Secretary concedes liability with respect to those claims pending on August 2, 2016, but has refused Plaintiffs' demands for immediate payment and apparently will continue to do so

14

pending entry of a final non-appealable order. Because at least some of the Plaintiffs have indicated that they are likely to file an appeal of the Court's decision in *Shands II*, *see* Dkt. 110, the Secretary's refusal to make payment could continue for many months to come. Plaintiffs' contention that any such delay is unwarranted is more than sufficient to establish the ongoing adversity that Article III demands.

Having concluded that the Court has jurisdiction to consider Plaintiffs' applications for interest payable with respect to claims pending before this Court on August 2, 2016, the Court concludes that Plaintiffs are entitled to the relief they seek. The Secretary concedes that Plaintiffs are entitled to this relief, and the Court concurs. Each plaintiff-hospital "sought judicial review pursuant to 42 U.S.C. § 1395oo(f)(1); . . . there was an 'amount in controversy'; and" those plaintiff-hospitals "were the 'prevailing part[ies]'" with respect to the fiscal years for which they had properly brought suit on or before August 2, 2016. *Tucson*, 947 F.2d at 979. The Court will, accordingly, grant the pending motions to the extent Plaintiffs seek this category of relief.

**B.      Claims Brought After August 2, 2016**

In contrast, Plaintiffs' claims to interest payable to providers that had not brought suit challenging the 0.2 percent rate reduction for a given fiscal year on or before August 2, 2016— that is, the date the Secretary abandoned the rate reduction and announced that she would provide a 0.6 percent rate increase for FY 2017 to make up for the rate reductions applied in FYs 2014–2016—face substantial, and ultimately unsurmountable, hurdles. Although Plaintiffs' reliance on § 1395oo(f)(2) and § 1395g(d) raise similar difficulties, the questions presented are distinct and require separate consideration.

1.    42 U.S.C. § 1395oo(f)(2)

The United States is, of course, "immune from suit save as it consents to be sued," and the Court's jurisdiction is, accordingly, "define[d]" by "the terms of [that] consent." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity, moreover, must be "unequivocally expressed," *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (citation omitted), and "any doubts about the scope of a waiver" must "be resolved in favor of the narrower governmental liability," *Trout v. Sec'y of Navy*, 317 F.3d 286, 290 (D.C. Cir. 2003) (citation omitted). Nor is there any doubt that these principles apply to "claims of interest against the United States;" indeed, if anything, they apply with "'an added gloss of strictness' . . . because the historical 'no-interest rule' bars recovery of interest against the government 'unless the award of interest was affirmatively and separately contemplated by Congress.'" *Id.* (citations omitted).

All agree that Congress has waived the sovereign immunity of the United States to permit the award of interest to a prevailing party under 42 U.S.C. § 1393oo(f)(2). The dispute focuses, instead, on the scope of that waiver. Section 1395oo(f)(2) provides:

> Where a provider seeks judicial review pursuant to [42 U.S.C. § 1395oo(f)(1)], the amount in controversy shall be subject to annual interest beginning on the first day of the first month beginning after the 180-day period as determined pursuant to [42 U.S.C. § 1395oo(a)(3)] and equal to the rate of interest on obligations issued for purchases by the Federal Hospital Insurance Trust Fund for the month in which the civil action authorized under [42 U.S.C. § 1395oo(f)(1)] is commenced, to be awarded by the reviewing court in favor of the prevailing party.

42 U.S.C. § 1395oo(f)(2). The D.C. Circuit's decision in *Tucson Medical Center v. Sullivan* provides significant, although not conclusive, guidance regarding the application of § 1395oo(f)(2) in the present context. Because *Tucson* is the leading precedent—and the only D.C. Circuit precedent—relevant to the question presented, it is worth describing the decision in

16

some detail.  The Court will then consider how that decision, the Medicare statute, and other relevant authorities apply to Plaintiffs' claims for interest with respect to lawsuits filed after August 2, 2016.

a.      Tucson Medical Center

The relevant background for the *Tucson* case began with the Secretary's decision in 1981 to exclude federal government hospitals from the formula used to calculate the wage index, which in turn "had a significant impact on the amount hospitals were reimbursed."  *Tucson*, 947 F.2d at 975.  Several hospitals challenged the rule, and the district court struck it down because the Secretary had failed to provide an adequate opportunity for public comment.  *Id.* at 975–76.  Rather than appeal that decision, the Secretary reissued the rule in 1984 after providing the required opportunity for public comment.  *Id.* at 976.  But, effectively breathing life back into the failed 1981 rule, the Secretary applied the 1984 rule retroactively.  *Id.*  The hospitals again brought suit, and the district court again struck the rule down.  *Georgetown Univ. Hosp. v. Bowen*, No. 85-1845, 1986 WL 53398 (D.D.C. Apr. 11, 1986).  This time, the Secretary appealed.  The D.C. Circuit affirmed, *see Georgetown Univ. Hosp. v. Bowen*, 821 F.2d 750 (D.C. Cir. 1987), as did the Supreme Court, *see Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204 (1988).  Meanwhile, the fiscal intermediaries responsible for auditing the hospitals' cost reports applied the 1984 rule retroactively; the hospitals brought administrative appeals; and the PRRB granted the hospitals' request for EJR three days after the Supreme Court issued its decision holding that the Secretary lacked authority to apply the 1984 rule retroactively.  *Tucson*, 947 F.2d at 976.  Shortly after that, the Secretary circulated a memorandum prepared by the General Counsel of the Health Care Financing Administration ("HCFA")—CMS's predecessor agency— advising the PRRB that the Supreme Court's decision controlled all "properly pending . . .

administrative and judicial appeals." *Id.* The hospitals then brought suit seeking to set aside the fiscal intermediaries' decision applying the 1984 rule retroactively to their cost reports. *Id.* Finally, the day after they filed suit, HCFA issued a final ruling in which it conceded that the Supreme Court's decision, and a related decision from the D.C. Circuit, obligated HCFA to reimburse hospitals for the amounts withheld in light of the 1984 rule. *Id.* at 977.

Against this backdrop, the D.C. Circuit rejected the Secretary's contention that the hospitals' claims for interest under § 1395oo(f)(2) were moot. Significantly, at the time they brought suit, HCFA had not yet conceded that the Supreme Court and related D.C. Circuit decision compelled it to reimburse the hospitals, and the memorandum from HCFA's General Counsel did not squarely address their claims because, at the time the memorandum was issued, they did not have claims "pending" before the PRRB or the district court: the PRRB had granted their requests for EJR, but they had yet to bring suit. *Id*. at 978–79. The Court also concluded that the hospitals satisfied each of the three requirements for an award of interest under § 1395oo(f)(2): (1) the appellants sought judicial review pursuant to § 1395(f)(1); (2) there was an "amount in controversy"' and (3) the appellants were the "prevailing part[ies]." *Id*. at 979–81.

*First*, the hospitals properly sought "judicial review" under § 1395oo(f)(1) because they "clearly exhausted their administrative remedies" before the PRRB and then filed a timely action for judicial review. *Id.* at 979. In reaching that conclusion, the D.C. Circuit distinguished two decisions, both of which were, in the court's view, "properly" decided but inapposite. *Id.* at 979 n.10. In the first of those case, *Riley Hospital & Benevolent Ass'n v. Bowen*, 804 F.2d 302 (5th Cir. 1986), the Fifth Circuit held that the district court was without jurisdiction to award interest under § 1395oo(f)(2) for a cost reporting period for which the plaintiff had not obtained a final decision from the PRRB before the district court held that the contractor had applied the

18

incorrect amortization schedule for two prior cost reporting periods, even though the same error was repeated and eventually corrected for the later cost reporting periods. *Id*. at 304–06. As the *Tucson* decision explained, "[t]he *Riley* court properly denied the recovery of interest because the providers had not exhausted their administrative remedies *for the fiscal years in question*." *Tucson*, 947 F.2d at 979 n.10 (emphasis added).

The other case, *National Medical Enterprises, Inc. v. Sullivan*, 1990 WL 169276 (C.D. Cal. July 5, 1990), involved a similar scenario. In that case, the plaintiff "disputed the propriety of reimbursement over costs claimed for return on equity capital (ROE)" for fiscal years 1974–79. *Id*. at *1. The plaintiff exhausted its administrative remedies and filed suit in federal district court, which held that the ROE costs for 1974–79 were properly claimed. *Id*. The Ninth Circuit affirmed, and the Secretary paid the amount due for fiscal years 1974–79, along with interest pursuant to § 1395oo(f)(2). *Id*. The plaintiff also disputed the fiscal intermediaries' denial of its ROE claim for fiscal years 1980–84. *Id*. While that challenge was pending before the PRRB, however, the Ninth Circuit issued its decision affirming the district court in the earlier case, and the Secretary acquiesced in that decision and directed the fiscal intermediaries to compensate the plaintiff for the disputed ROE claims for fiscal years 1980-84. *Id*. *1–*2. The PRRB declined to award the plaintiff interest under § 1395oo(f)(2)—or under § 1395g(d)—however, and the plaintiff then brought suit. *Id*. at *2. The district court rejected that claim on the merits, holding that the plaintiff could not obtain interest under § 1395oo(f)(2) for any fiscal year for which it did not seek judicial review of the PRRB's substantive decision, and plaintiff was "unable to seek review" with respect to fiscal years 1980–84 because the PRRB "never rendered a final decision" for those years. *Id*. at *6. In the words of the *Tucson* decision, "[o]nce again, the issue was failure to exhaust administrative remedies." *Tucson*, 947 F.2d at 979 n.10.

<div align="center">19</div>

*Second*, the hospitals also satisfied the § 1395oo(f)(2)'s "amount in controversy" requirement. *Id.* at 980. Of particular relevance here, the court held that "the 'amount in controversy' must be determined as of the date the suit is filed." *Id.* (citation omitted). Because the appellants in that case brought suit while there still "existed an amount in controversy such that their claims were not moot"—that is, because HCFA had not yet issued a final ruling conceding that it was obligated to pay the amount at issue in the reimbursement dispute—the court concluded that the statutory "amount in controversy" requirement was satisfied. *Id.*

*Third*, and finally, the hospitals satisfied § 1395oo(f)(2)'s "prevailing party" requirement. *Id.* Although the Secretary argued that a HCFA regulation limited awards of interest to those plaintiffs who obtain a judgment from the district court, *Tucson* held the regulation was "irrelevant" because § 1395oo(f)(2) is "directed to the judiciary," and thus Congress had not delegated any express or implicit interpretative authority to the agency. *Id.* at 980–81. The D.C. Circuit then articulated the relevant test: "Interest will be awarded only after a suit is properly filed, which in turn means that the Secretary's agency [HCFA in that case] has made a determination adverse to the provider. From this perspective, a party in court prevails as soon as it receives the disputed amount." *Id.* at 982. The hospitals satisfied these requirements because, not only did they "properly file[]" suit challenging HCFA's decision, but they had good reason to do so; had they failed to bring a timely challenge to the PRRB's decision, HCFA "might well have claimed that they" were not entitled to the benefit of HCFA's concession that the 1984 rule lacked retroactive force. *Id.*

Unlike in *Tucson*, Plaintiffs have not shown that they satisfy each of the statutory prerequisites for an award of interest under § 1395oo(f)(2) for challenges filed in this Court after August 2, 2016. The difficulties with Plaintiffs' claims to interest for these fiscal years depends

20

on which of two possible theories they employ: Under the first theory, they concede that they may recover interest only for a fiscal year for which they exhausted the PRRB process and then brought suit challenging the PRRB's decision for that fiscal year. To the extent they have done so, however, Plaintiffs maintain that they are entitled to interest under § 1395oo(f)(2), even if they did not bring suit until after August 2, 2016. Under the second theory, they maintain that all they were required to do was successfully challenge the FY 2014 rate adjustment, which they did. The inevitable result of that successful challenge, in their view, opened the door to an award of interest for FYs 2014, 2015, and 2016 because the FY 2014 rate adjustment remained in effect until affirmatively set aside in FY 2017. In short, by prevailing in their challenge to the FY 2014 Rule, they assert, they achieved a victory that covered all three fiscal years at issue. As explained below, regardless of how Plaintiffs' claims to interest are framed, the Court is unpersuaded.

> b. *Separate Actions for Each Fiscal Year*

Plaintiffs have, at least for the most part, brought separate lawsuits for each of the fiscal years at issue; not all of those suits, however, were brought before August 2, 2016. Taking the lead case by way of example, *Shands Jacksonville Medical Center v. Sebelius*, No. 14-263, was filed in February 2014 and, among other forms of relief, sought an order "directing the Secretary to pay the plaintiff hospitals the additional amounts due as a result of [the required] correction for all discharges occurring in Federal fiscal year 2014, plus interest calculated in accordance with 42 U.S.C. § 1395oo(f)(2)." Dkt. 1 (Prayer for Relief). The *Shands* plaintiffs filed a second suit on July 20, 2015—again, before August 2, 2016—seeking, among other things, an order "directing the Secretary to pay the plaintiff hospitals the additional amount due as a result of [the required] correction for all discharges occurring in Federal fiscal year 2015, plus interest

calculated in accordance with 42 U.S.C. § 1395oo(f)(2)." *Shands Jacksonville Medical Ctr., Inc. v. Burwell*, Civ. No. 15-1150, Dkt. 1 at 84 (Prayer for Relief). As to both of these actions, there is no dispute that the Plaintiffs are entitled to an award of interest.

The third *Shands* action, however, highlights the core problem posed by the pending motions. The *Shands* plaintiffs brought that case on December 20, 2016, *after* the Secretary had agreed to adopt the one-time, 0.6 percent rate increase to address the 0.2 percent rate reductions for FYs 2014–16. *See Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 16-2484. The complaint avers, moreover, that the PRRB did not grant EJR until December 12, 2016 and, indeed, that the hospitals did not seek EJR until November 2016, well after the Secretary had agreed to the 0.6 percent rate increase. *Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 16-2484, Dkt. 1 at 75 (Compl. ¶¶ 51–52).

To the extent this claim, and others filed after August 2, 2016, seek the relief the Secretary provided in FY 2017, those claims are, of course, moot—or, more precisely, Plaintiffs lacked Article III standing to bring a challenge seeking relief that they had already been accorded. This logic, moreover, extends to Plaintiffs' claims to interest under § 1395oo(f)(2). As the D.C. Circuit recognized in *Tucson*, "interest claims are moot . . . if the underlying reimbursement claims were moot at the time they were filed." 947 F.2d at 978. In *Tucson*, the appellants were able to clear this hurdle because the HCFA had not issued binding directions to the PRRB until after the appellants had brought suit. Here, in contrast, the Secretary issued a final rule on August 2, 2016, establishing a legally enforceable entitlement to the 0.6 percent rate adjustment. As a result, Plaintiffs lacked standing to bring suit after August 2, 2016, seeking the relief they now invoke as the foundation for their claims to interest.

22

For the same reason, as *Tucson* also confirms, a provider cannot satisfy the statutory "prevailing party" requirement when the Secretary has unambiguously granted the relief sought before the PRRB issues a determination. *Id*. at 979–82. The phrase "prevailing party" is not defined in the Medicare statute. As noted above, however, *Tucson* adopted the following test: "Interest will be awarded only after a suit is properly filed, *which in turn means that the Secretary's agency has made a determination adverse to the provider*. From this perspective, a party in court prevails as soon as it receives the *disputed amount*." *Id.* at 982 (emphasis added). For present purposes, the "disputed amount" is the difference between the amount the *Shands* Plaintiffs, for example, received for FY 2016, and that amount as supplemented by the 0.2 percent share of the 0.6 percent rate increase that they received for FY 2017. But the PRRB did not make an "adverse determination" with respect to that amount. To the contrary, the PRRB was bound to apply the FY 2017 Rule, which required payment of the 0.6 percent rate increase.[5]

Perhaps anticipating this rejoinder, the substantive relief that forms the prayer for relief in the third *Shands* action, filed after August 2, 2016, differs from the earlier actions. The complaint acknowledges that the Secretary adopted a "'one-time,' 0.6% rate increase to the

---

[5]  The parties spill much ink over whether the "catalyst" theory applies in this context. Plaintiffs argue that the D.C. Circuit in *Tucson* adopted the "catalyst" approach, under which "the party must have substantially received the relief sought, and . . . the lawsuit must have been a catalytic, necessary, or substantial factor in attaining the relief." *Tucson*, 947 F.2d at 982 (citation omitted). The Department argues that, following the Supreme Court's decision in *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598 (2001), the "catalyst" theory is no longer applicable. Dkt. 72 at 9. *Buckhannon* rejected the catalyst approach in a different context—the case concerned a fee-shifting statute, not § 1395oo—and held that to be a prevailing party, plaintiffs must obtain a "judicially sanctioned change in the legal relationship of the parties," including, for example, an "enforceable judgments on the merits" or a "court-ordered consent decrees." *Buckhannon*, 532 U.S. 598 at 604–05. The parties' arguments, however, are besides the point. The discussion of the catalyst theory in *Tucson* was merely dicta: the *Tucson* court noted, after applying the prevailing parties test described above, that "even analyzing the term 'prevailing party' in § 1395oo(f)(2) as it has been understood in other statutory contexts," the appellants would have still prevailed. *Id*.

23

prospective payment system rates paid for discharges in Federal fiscal year 2017" and that this adjustment was "meant to 'address' the 0.2% adjustment[s]" applicable in FYs 2014–16, *Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 16-2484, Dkt. 1 at 73 (Compl. ¶¶ 43–44), but alleges that FY 2017 Rule failed to correct the flaws in the FYs 2014–16 Rules and that the FY 2017 Rule failed "adequately [to] explain and [to] respond to significant comments," *id*. at 78 (Compl. ¶ 60). *See also St. Helena Hosp. v. Burwell*, Civ. No. 17-39, Dkt. 1 at 68, 74–75 (Compl. ¶¶ 10, 32) ("Although the Secretary abandoned the reduction starting in FFY 2017, the Secretary's actions do not fully counteract the effect of the reduction on FFY 2016;" "The Secretary's remedy . . . does not make hospitals whole for what they lost in reimbursement in FFY 2016"). Here, too, Plaintiffs run into an insurmountable issue: to the extent they are seeking relief that goes *above and beyond* the relief granted in FY 2017, they are not "prevailing parties" entitled to interest under § 1395oo(f)(2). Plaintiffs did not "substantially receive the relief sought," *Tucson*, 947 F.2d at 982–84, because the only theories that were properly subject to "judicial review pursuant to 42 U.S.C. § 1395oo(f)(1)" at that time, *id.* at 979 & n.10, were the challenges that the Court considered—and rejected—in *Shands II*, 2018 WL 6831167 at *16; *id*. at *21.

In short, Plaintiffs have not established entitlement to interest under § 1395oo(f)(2) for any fiscal year for which the providers at issue did not file suit on or before August 2, 2016.

  c.  *Challenges to the FY 2014 Rule*

Recognizing the difficulties posed by this initial theory, Plaintiffs attempt a different approach: they argue that filing any suit before August 2, 2016 that challenged the validity of the FY 2014 Rule was sufficient to sustain an award of interest for FYs 2014–16, regardless of whether separate suits were timely brought for each of those latter years. The premise of this

theory, which the Court does not question, is that the FY 2014 Rule did not merely establish a 0.2 percent rate increase for that fiscal year. Rather, the rule reduced the standardized amount and hospital-specific rates going forward, and that adjustment automatically carried over into future years until the Secretary used her exceptions and adjustments authority to remove the adjustment in FY 2017. That view of the FY 2014 Rule, moreover, accords with the Secretary's own descriptions. She explained in the FY 2017 Rule, for example, that the FY 2014 Rule "permanently reduce[d] the rates for FY 2014 and future years until . . . removed." 81 Fed. Reg. at 57,059. The D.C. Circuit has also recognized that the Secretary "does not calculate the standardized amount from scratch each year," *Cape Cod Hosp.*, 630 F.3d at 205, but, instead, the amount for a given year is carried forward, updated annually for inflation and any other necessary statutory adjustments, *see* 42 U.S.C. § 1395ww(b)(3)(B)(i), (d)(2), (d)(3)(A)(iv)(II); 42 C.F.R. § 412.64(c)–(d). This understanding of the nature of the FY 2014 Rule also comports with Plaintiffs' complaints, which—in addition to seeking payments for specific fiscal years— requested that the Court declare the FY 2014 Rule invalid. *See, e.g.*, Dkt. 1 at 16 (Prayer for Relief) (requesting that the Court "declar[e] invalid and vacat[e] the provisions of the final rule that reduced the standardized amount"); *Shands Jacksonville Medical Ctr., Inc. v. Burwell*, Civ. No. 15-1150, Dkt. 1 at 84 (Prayer for Relief) (same); *Shands Jacksonville Med. Ctr., Inc. v. Burwell*, Civ. No. 16-2484, Dkt. 1 at 79 (Prayer for Relief) (same). Finally, the Court has recognized that the Secretary has not treated the rulemakings for each fiscal year as "hermetically sealed" regulatory events, and, indeed, used the FY 2017 rulemaking as the occasion to "address" the 0.2 percent adjustments for FYs 2014–16. *Shands II*, 2018 WL 6831167 at *15.

Although the premise of Plaintiffs' argument is well taken, the Court is unpersuaded that it leads to the conclusion that Plaintiffs urge. Because the payment of interest requires a waiver of sovereign immunity, the Court must strictly construe the statute and must abide by the procedures that Congress specified. *See Irwin*, 498 U.S. at 94. For present purposes, the dispositive statutory text is found in the first clause of § 1395oo(f)(2), which limits the availability of interest to those providers that "seek[] judicial review pursuant to" 42 U.S.C. § 1395oo(f)(1). 42 U.S.C. § 1395oo(f)(2). Section 1395oo(f)(1), in turn, provides in relevant part that a provider has "the right to obtain judicial review *of any action of the fiscal intermediary* which involves a question of law or regulations relevant to the matters in controversy whenever the [PRRB] determines . . . that it is without authority to decide the question." *Id.* at § 1395oo(f)(1) (emphasis added). In other words, when the PRRB lacks authority to decide a question of law, such as whether a regulation promulgated by the Secretary is lawful, a provider may obtain judicial review of the "action" taken by the "fiscal intermediary" in reliance on that regulation by obtaining a grant of EJR from the PRRB and then filing suit.

The statutory text is plain: what is subject to review is the "action of the fiscal intermediary." *Id.* Section 1395oo(a), moreover, confirms that the relevant "action" for purposes of § 1395oo(f)(1) is the fiscal intermediary's "final determination"—or failure to render a timely "final determination"—of the payment due the provider after filing "a required cost report." *Id.* at § 1395oo(a); (a)(1). Finally, the statute provides that the provider must file a request for a hearing with the PRRB "after notice of the intermediary's final determination" or "after notice of the Secretary's final determination" with respect to the amount of the payment

due the provider. *Id*. at § 1395oo(a)(3).[6] In short, the statute contemplates administrative exhaustion followed by judicial review of concrete reimbursement determinations made, in the first instance, by the providers' Medicare administrative contractors. Absent such a challenge to a specific cost report (or specific cost reports), § 1395oo(f)(2) does not authorize a federal court to award the prevailing party interest on the "amount in controversy."

The PRRB's letters granting Plaintiffs EJR in this matter conform to this understanding. In each case, the PRRB concluded that it had "jurisdiction over the matter *for the subject year*," and in each instance it limited its grant of expedited judicial review to "the issue [raised in the providers' petition] and [to] *the subject year*." *See, e.g.*, *St. Helena Hosp. v. Burwell*, Civ. No. 14-1477, Dkt. 1-4 at 6 (granting EJR regarding FY 2014 Rule); *Long Beach Mem'l Med. Ctr. v. Burwell*, Civ. No. 15-1601, Dkt. 1-2 at 7 (same); *St. Helena Hosp. v. Burwell*, Civ. No. 16-30, Dkt. 1-2 at 17 (granting EJR regarding FY 2015 Rule); *St. Helena Hosp. v. Burwell*, Civ. No. 17-39, Dkt. 1-3 at 8 (granting EJR regarding FY 2016 Rule). That temporal limitation is not only consistent with the text of the statute, but it also carries legal significance of its own accord. The administrative remedies that the providers exhausted before filing suit were limited to the "subject year," and this Court is required to "den[y] the recovery of interest" where the providers failed to "exhaust[] their administrative remedies *for the fiscal year[] in question*" before bringing suit. *Tucson*, 947 F.2d at 979 n.10 (emphasis added); *see also Nat'l Med. Enters., Inc. v. Sullivan*, 960 F.2d at 869 (to obtain an award of "interest under

---

[6] Although the statute also permits group appeals, each provider "in such group" must be otherwise "entitled to . . . a hearing" with the PRRB pursuant to § 1395oo(a). 42 U.S.C. § 1395oo(b).

§ 1395oo(f)(12), [a provider] must (1) have received a final determination from the PRRB on a Medicare *reimbursement claim* . . . ; (2) have sought judicial review of *that decision*; and (3) have been the prevailing party in such judicial action") (emphasis added).

To be sure, *Tucson* recognized that "the primary goal" of § 1395oo(f)(2) "is to compensate the party who eventually receives the money for the delay occasioned by the other party's error." 947 F.2d at 982. But, as the *Tucson* court explained in the very next sentence, "[i]nterest will be awarded only after a suit is properly filed, which in turn means that the Secretary's agency has made a determination adverse to the provider." *Id*. For the reasons explained above, that is what is missing here. Plaintiffs, moreover, have not argued that their Medicare administrative contractors, the PRRB, or the Secretary unnecessarily or unfairly delayed adjudication of their FY 2015 or 2016 challenges, thereby interfering with their ability to obtain a payment of interest. To the contrary, the Secretary observed that there was no "reason that hospitals that filed civil actions challenging the FY 2014 and 2015 downward reductions could not have initiated PRRB petitions, sought and received EJR, and then initiated judicial review prior to August 2, 2016," as some plaintiffs did with respect to FYs 2015 and 2016. Dkt. 72 at 11–12. Plaintiffs did not respond to this argument in their reply briefs, and, when asked about it at a status conference, counsel for one group of plaintiffs responded: "I agree that the hospitals . . . could theoretically have done that, but it's about resources and hospitals expending resources as the litigation continues. . . . So it's a cost benefit." Dkt. 108 at 45 (Hrg. Tr.).

Finally, there is no reason that the usual rules requiring a clear and unambiguous waiver of sovereign immunity ought not apply here. As the Supreme Court has observed, "the statutory scheme . . . is not designed to be '"unusually protective" of claimants.' . . . Nor is it one 'in which laymen, unassisted by trained lawyers, initiate the process.'" *Sebelius v. Auburn Reg'l*

*Med. Ctr.*, 568 U.S. 145, 160 (2013) (internal citations omitted). Rather, "[t]he Medicare payment system in question applies to 'sophisticated' institutional providers" that are well-informed regarding the requirement for presenting and preserving their claims. *Id.* The fact that most hospitals in these consolidated actions sought judicial review for at least one year after FY 2014 shows that they were cognizant of the statutory requirements and were not lulled into believing that they would preserve their claims to interest for each of the fiscal years at issue by bringing a single challenge the FY 2014 rule.

<div align="center">*   *   *</div>

The Court, accordingly, concludes that those hospitals that brought suit challenging the 0.2 percent rate reduction on or before August 2, 2016 for a specific fiscal year are entitled to the payment of interest pursuant to § 1395oo(f)(2) for that fiscal year. Plaintiffs are not, however, otherwise entitled to relief under § 1395oo(f)(2).

2.      <u>42 U.S.C. § 1395g(d)</u>

One group of Plaintiffs—the Hooper and Akin Plaintiffs—argue that, to the extent they are not entitled to an award of interest for a particular fiscal year under § 1395oo(f)(2), they are entitled to interest (at a higher rate) pursuant to § 1395g(d).[7] That provision appears in the section of the Medicare statute addressing the payments that the Secretary is required to make to

---

[7] None of the Plaintiffs has argued that the Secretary's decision to pay interest only to those providers who had timely claims pending on August 2, 2016, was arbitrary and capricious under the APA, 5 U.S.C. § 706, or that failure to pay interest to those providers rendered the FY 2017 Rule an unreasonable "means of undoing the earlier rate increases," *Shands II*, 2018 WL 6831167 at *13. *See also* Dkt. 93 at 9 ("The Plaintiffs in the instant case are not challenging whether the Secretary's method for addressing the deficient payment reduction [that is, the 0.6 percent increase compensating for the 0.2 percent rate reduction for FY 2014] is proper; they are seeking vacatur of the deficient payment reduction [that is, the 0.2 percent rate reduction for FY 2014 itself].") They, instead, premise their claims to interest exclusively on § 1395oo(f)(2), *see, e.g.*, *id*. at 15, and § 1395g(d), *see, e.g.*, Dkt. 69 at 2.

<div align="center">29</div>

providers. *See* 42 U.S.C. § 1395g. Under § 1395g(a), the Secretary is required "periodically [to] determine the amount which should be paid" to a provider "with respect to the services furnished by it" and to pay that amount "not less often than monthly" to the provider, along with "necessary adjustments on account of previously made overpayments or underpayments." *Id*. § 1395g(a). Section 1395g(d), then, provides:

> Whenever a final determination is made that the amount of payment made under this part to a provider of services was in excess of or less than the amount of payment that is due, and payment of such excess or deficit is not made (or effected by offset) within 30 days of the date of the determination, interest shall accrue on the balance of such excess or deficit not paid or offset . . . at a rate determined in accordance with the regulations of the Secretary of the Treasury applicable to charges for late payments.

*Id*. § 1395g(d). *See also* 42 C.F.R.§ 405.378(b) ("CMS will charge interest on overpayments, and [will] pay interest on underpayments, to providers and suppliers of services."). According to the Hooper and Akin Plaintiffs, the Secretary's "perambulatory statements in the FFY 2017 IPPS Final Rule serve as a 'written determination' that the Hospitals' claims for FFYs 2014, 2015, and 2016 were . . . underpaid," and because "[t]he Secretary has a non-discretionary duty to" to pay providers interest on any underpayment, they "are entitled to an order in the nature [of] mandamus requiring the Secretary to perform her mandatory duty to pay [them] interest on [those] underpayments." Dkt. 69-1 at 16–17.

Section 1395g(d) differs from § 1395oo(f)(2) in one significant respect: § 1395g(d) imposes a duty on *the Secretary* to pay interest, while § 1395oo(f)(2) authorizes the *federal courts* to award interest. This difference governs the proper role of the Court here. Although the Court is authorized to award interest under § 1395oo(f)(2) in the first instance, it is the Secretary, and not the Court, that is charged with making payments to providers for underpayments under

30

§ 1395g(a), along with interest under § 1395g(d).  In appropriate circumstances, the Court may *review* the Secretary's actions or inactions, but the concept of judicial review is premised on the notion that the agency has acted unlawfully or has declined to act in a manner required by law. Judicial review does not contemplate seeking relief from a court in the first instance.

The Court raised this problem with the parties at a status conference and permitted the Hooper and Akin Plaintiffs and the Secretary to submit supplement briefs on the question.  Dkt. 108 at 21–23 (Hrg. Tr.).  Responding to that invitation, the Secretary now argues that the PRRB "had jurisdiction over any claim for interest under § 1395g(d)," and because Plaintiffs did not exhaust that administrative remedy before filing suit, the Medicare statute's channeling provisions, 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(h)) and 42 U.S.C. § 1395oo(a), bar judicial review.  Dkt. 113 at 2–3.  In support of this contention, the Secretary points to two district court cases holding that the PRRB had jurisdiction to consider claims for interest under § 1395g(d).  *Id.* at 3 (citing *OSF Healthcare Sys. v. Sullivan*, 820 F. Supp. 390, 393–96 (C.D. Ill. 1993), and *Archbishop Bergen Mercy Hosp. v. Heckler*, 614 F. Supp. 1271, 1277 (D. Neb. 1985)).

The Hooper and Akin Plaintiffs do not disagree that, in general, a provider must exhaust administrative remedies before bringing suit.  Dkt. 114 at 2.  But, in their view, this case falls within one of the two exceptions to the channeling requirement.  The first of these exceptions, recognized in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 680 (1986); *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 17 (2000); and *Council for Urological Interests v. Sebelius*, 668 F.3d 704, 705–11 (D.C. Cir. 2011), provides that channeling is not required "where its application 'would not lead to a channeling of review through the agency, but would mean no review at all.'"  *Council for Urological Interests*, 668

F.3d at 705 (citation omitted).  And, the second, recognized in *Monmouth Medical Center v. Thompson*, 257 F.3d 807, 813–15 (D.C. Cir. 2001), provides that the channeling requirement does not bar review under the Mandamus Act, 28 U.S.C. § 1361.  As explained below, Plaintiffs have failed to demonstrate that either exception applies here.

Most significantly, neither exception relieves a provider of the obligation to make all reasonable efforts to exhaust its administrative remedies before filing suit.  The first exception, by definition, applies only if application of the channeling rule would preclude judicial review, and the second exception, which relies on the extraordinary relief available in mandamus, requires the plaintiff to "exhaust administrative remedies" before bringing suit, *see Monmouth Med. Center*, 257 F.3d at 813.  On the present record, however, the Hooper and Akin Plaintiffs have failed to carry their burden of showing that they were unable to request interest under § 1395g(d) at *any* point in the administrative process.

Each of the Hooper and Akin Plaintiffs' arguments rests on the contention that they could not have "pursued" the issue "through an appeal to the" PRRB.  Dkt. 114 at 3.  That is so, they argue, because the PRRB's jurisdiction is limited to appeals "based on dissatisfaction with a final reimbursement determination by a Medicare contractor communicated through a Notice of Program Reimbursement . . . or dissatisfaction with a determination of the Secretary of payment under the IPPS statute."  Dkt. 114 at 3.  This characterization of the statute is correct—it merely describes the language of § 1395oo(a)(1)(A)—but it is far from clear why it prevented Plaintiffs from arguing before the PRRB that they were entitled to interest under § 1395g(d).  To invoke the PRRB's jurisdiction under § 1395oo(a)(1)(A), a provider must be "dissatisfied with a final determination" made by its Medicare administrative contractor about the "total program reimbursement due the provider" or by "the Secretary as to the amount of payment under [the

IPPS statute]." The Hooper and Akin Plaintiffs, however, fail to explain why "total program reimbursement due" would not include a valid claim to interest based on an underpayment. Indeed, the Secretary represents that the PRRB has "jurisdiction over any claim for interest under § 1395g(d)," Dkt. 113 at 3, and nothing in the text of § 1395oo(a)—or in any other statutory provision or regulation Plaintiffs cite—compels a different conclusion. This is not to say, of course, that the PRRB would have granted Plaintiffs' request for interest under § 1395g(d), or even that it would have concluded that it has "authority to decide the question," 42 U.S.C. § 1395oo(f)(1). But that is not an unusual occurrence—indeed, it is what happened with respect to Plaintiffs' challenge to the 0.2 percent reduction—and it does not relieve a provider of the obligation to try.

The Hooper and Akin Plaintiffs attempt to sidestep this conclusion by asserting that they "are _not_ dissatisfied with the Secretary's determination to increase the rates paid under the IPPS statute . . . in the FFY 2017 IPPS Final Rule, or the determination in that Rule to pay interest under 1395oo." Dkt. 114 at 4. "Rather," their dissatisfaction focuses _exclusively_ on "the Secretary's _post-hoc_ determination in this litigation not to pay [§] 1395oo interest for years filed in court after the underpayment determination." _Id._ That contention, however, fails for three reasons. First, § 1395g(d) is not available as a judicial remedy for the Secretary's refusal to pay interest under § 1395oo(f)(2); rather, it is part of the complex web of provisions that define the amounts the Secretary is required to pay providers for their services. Second, there is nothing "post-hoc" about the Secretary's agreement to pay interest under § 1395oo(f)(2) only with respect to those fiscal years for which the provider at issue had an action pending in Court on August 2, 2016. The Secretary clearly announced that position in the FY 2017 Rule, asserting: "We will not contest that hospitals that are party to the _Shands Jacksonville Medical Center, Inc._

*v. Burwell*, No. 14-263 (D.D.C.) and other *currently pending cases* that challenge the -0.2 percent adjustment should receive interest under [§ 1395oo(f)(2)]." 81 Fed. Reg. at 57,060 (emphasis added). The Secretary's position was clear from the FY 2017 rulemaking, and, if Plaintiffs ever disputed that decision at the administrative level, they have failed to identify where they did so. Third, Plaintiffs' own argument undercuts their position that their dissatisfaction stems from "the Secretary's *post-hoc* determination in this litigation," Dkt. 114 at 4. They argue that they could not have sought interest pursuant to § 1395g(d) "in the course of [their] PRRB appeals" challenging the FY 2014, 2015, and 2016 Rules because the "underpayment determination by the Secretary *that serves as the foundation for*" their claim to interest "was not even made until the [FY 2017 Rule] was issued in August 2016." Dkt. 114 at 5 (emphasis added). This seems to concede that it was the Secretary's determination in the FY 2017 Rule, and not any "*post-hoc*" determination, that forms the source of Plaintiffs' claim, and the Hooper and Akin Plaintiffs do not address whether they will be able to seek interest under § 1395g(d) in PRRB proceedings relating to the FY 2017 Rule.

Standing alone, moreover, it is difficult to know what to make of Plaintiffs' contention that they could not have sought interest pursuant to § 1395g(d) through their PRRB appeals because the FY 2017 Rule was issued "after the time-frame for challenges to the FFYs 2014, 2105 and 2016 IPPS Final Rules." *Id*. (emphasis omitted). As far as the Court can discern, the Hooper and Akin Plaintiffs are entitled to interest pursuant to § 1395oo(f)(2) with respect to all but two of the lawsuits that they have brought. Yet, the complaints in both of those actions recite that Plaintiffs sought EJR before the PRRB with respect to their FY 2016 claims *after* the Secretary issued the Final FY 2017 Rule—which contained the "perambulatory" language upon which Plaintiffs rely for their § 1395g(d) claim. *See Shands Jacksonville Med. Ctr., Inc. v.*

*Burwell*, Civ. No. 16-2484, Dkt. 1 at 74–75 (Compl. ¶¶ 49–52); *St. Helena Hosp. v. Burwell*, Civ. No. 17-39, Dkt. 1 at 77 (Compl. ¶¶ 40–42).  Plaintiffs were, in fact, able to obtain a grant of EJR from the PRRB in *December 2016* with respect to their claim that the FY 2017 Rule did not "pay [them] what they lost in reimbursement for FFY 2016 due to the [rate] reduction." *See, e.g.*, *St. Helena Hosp. v. Burwell*, Civ. No. 17-39, Dkt. 1-3 at 6.  If there is some reason that the logic that allowed them to do so does not extend to their contention that the FY 2017 Rule also failed to pay them for "what they lost in [the time value of money] for FFY 2016," they have failed to identify that reason.

Finally, Plaintiffs assert that "[t]he Medicare statute provides no administrative mechanism for an interest claim to be pursued apart from an underlying claim over which the [PRRB] has jurisdiction."  Dkt. 114 at 5.  But it is not apparent why a claim that the Secretary should have included an interest component in her calculation of an underpayment is not a claim of "dissatisf[action] with a final determination . . . as to the amount of total program reimbursement due the provider for the items and services provided."  42 U.S.C. § 1395oo(a)(1)(A).  If the Hooper and Akin Plaintiffs are correct that the FY 2017 Rule constituted a "final determination . . . that the amount of payment made under" the Medicare program "was . . . less than the amount of payment that [was] due"—and the Court expresses no opinion on that question—there is no reason to conclude that a failure to let "interest . . . accrue on the balance of such . . . deficit," *id*. at § 1395g(d), would fall outside "the amount of total program reimbursement" to which they are due, *id*. § 1395oo(a)(1)(A), for FY 2017 or any other fiscal year.  The Court can imagine theoretical difficulties Plaintiffs might have faced had they attempted to do so (or if they attempt to do so in the future).  But, absent any effort to raise the

35

issue with respect to any fiscal year, the hurdles that the Hooper and Akin Plaintiffs invoke are simply conjectural.

<p style="text-align:center">*   *   *</p>

Taking a step back from all of this, the principle flaw with Plaintiffs' request that the Court order that the Secretary pay them interest pursuant to § 1395g(d) is that, as far as the Court can discern, they never raised the issue in *any* form before *any* decisionmaker at the administrative level.  The courts have long-applied a "strong presumption favoring judicial review," and the channeling provision contained in the Medicare statute does not apply "where its application 'would . . . mean no review at all.'"  *Council for Urological Interests v. Sebelius*, 668 F.3d at 705, 707.  But, ultimately, there must be something—some decision, some action, or some refusal to act—for the Court to *review*.  Here, there is no indication that the Hooper and Akin Plaintiffs, or anyone else, ever requested that the Secretary, any Medicare administrative contractor, or the PRRB provide interest under § 1395g(d).  Absent some effort to raise the issue at the administrative level, there is simply nothing for this Court to review.  *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 379 (2004) ("mandamus may not issue so long as alternative avenues of relief remain available").

The Court, accordingly, denies the Hooper and Akin Plaintiffs' request that the Court "compel an officer or employee" of the Department of Health and Human Services "to perform a duty owed to the plaintiff[s]," 28 U.S.C. § 1361.[8]

---

[8]  The Hooper and Akin Plaintiffs request, as a last resort, that the Court remand their FY 2016 appeals to the PRRB "for a ruling on [the availability of] interest under § 1395g(d) for FFY 2016."  Dkt. 114 at 11 n.7.  Because the Secretary has not had the opportunity to address this argument, and because it appears that Plaintiffs could have raised the § 1395g(d) issue when they previously sought EJR before the PRRB, the Court will deny that request, but will do so without prejudice to Plaintiffs renewing it for good cause after conferring with counsel for the Secretary.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motions for an order awarding interest, Dkt. 69,

Dkt. 70, and Dkt. 71, are hereby **GRANTED** in part and **DENIED** in part.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 15, 2019

SHANDS JACKSONVILLE MEDICAL
CENTER, INC., *et al.*,

        *Plaintiffs*,

    v.

ALEX AZAR, Secretary, U.S. Department of
Health and Human Services,

        *Defendant.*

Civil Action No. 14-263

DIGNITY HEALTH, *et al.*,

        *Plaintiffs*,

    v.

ALEX AZAR, Secretary, U.S. Department of
Health and Human Services,

        *Defendant.*

Civil Action No. 14-536

ATHENS REGIONAL MEDICAL CENTER
INC., *et al.*,

        *Plaintiffs*,

    v.

ALEX AZAR, Secretary, U.S. Department of
Health and Human Services,

        *Defendant.*

Civil Action No. 14-503

| | |
|---|---|
| AMERICAN HOSPITAL ASSOCIATION, *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>   *Defendant.* | Civil Action No. 14-607 |
| BAKERSFIELD HEART HOSPITAL, *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>   *Defendant.* | Civil Action No. 14-976 |
| ST. HELENA HOSPITAL, *et al.*,<br><br>   *Plaintiffs*,<br><br>  v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>   *Defendant.* | Civil Action No. 14-1477 |

| | |
|---|---|
| AHMC MONTEREY PARK HOSPITAL LP, *et al.*,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>        *Defendant.* | Civil Action No. 17-39 |
| ANTELOPE VALLEY HOSPITAL,<br><br>        *Plaintiff*,<br><br>    v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>        *Defendant.* | Civil Action No. 17-175 |
| ADVENTIST BOLINGBROOK HOSPITAL, *et al.*,<br><br>        *Plaintiffs*,<br><br>    v.<br><br>ALEX AZAR, Secretary, U.S. Department of Health and Human Services,<br><br>        *Defendant.* | Civil Action No. 15-192 |

| | |
|---|---|
| LONG BEACH MEMORIAL MEDICAL CENTER, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 15-1601 |
| ALEX AZAR, Secretary, U.S. Department of Health and Human Services, | |
| *Defendant*. | |
| FLOWER MOUND HOSPITAL PARTNERS, LLC, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 15-1793 |
| ALEX AZAR, Secretary, U.S. Department of Health and Human Services, | |
| *Defendant*. | |
| AMERICAN LEGION HOSPITAL, *et al.*, | |
| *Plaintiffs*, | |
| v. | Civil Action No. 15-1800 |
| ALEX AZAR, Secretary, U.S. Department of Health and Human Services, | |
| *Defendant*. | |

| | |
|---|---|
| ASANTE ASHLAND COMMUNITY HOSPITAL, *et al.*, *Plaintiffs*, v. ALEX AZAR, Secretary, U.S. Department of Health and Human Services, *Defendant.* | Civil Action No. 16-32 |
| ASANTE ASHLAND COMMUNITY HOSPITAL, *et al.*, *Plaintiffs*, v. ALEX AZAR, Secretary, U.S. Department of Health and Human Services, *Defendant.* | Civil Action No. 16-1543 |
| ST. HELENA HOSPITAL, *et al.*, *Plaintiffs*, v. ALEX AZAR, Secretary, U.S. Department of Health and Human Services, *Defendant.* | Civil Action No. 16-30 |

5

AUBURN MEDICAL CENTER, *et al.*,

　　　　　*Plaintiffs*,

　　v.

ALEX AZAR, Secretary, U.S. Department of
Health and Human Services,

　　　　　*Defendant*.

Civil Action No. 16-2301

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED** that Plaintiffs' motions for summary judgment, Dkt. 82; Dkt. 84, are **DENIED**; and

it is further

**ORDERED** that Defendant's cross-motion for summary judgment, Dkt. 89, is

**GRANTED**.

　　**SO ORDERED**.

　　　　　　　　　　　　　　　　/s/ Randolph D. Moss
　　　　　　　　　　　　　　　　RANDOLPH D. MOSS
　　　　　　　　　　　　　　　　United States District Judge

Date:　December 28, 2018

6